## Thomas J. Marshall *vs.* William Harwood.

The constitution provides, that "the State librarian shall be elected by the joint vote of the two branches of the legislature for two years, and until his successor shall be elected and qualified." B. was elected librarian in January 1852, and resigned his office in April 1853, when H. was elected, and in March 1854, the legislature, then in session, elected M. librarian.
Held:

That H. was entitled to hold the office for two years from the period of his election, and not simply for the unexpired term of B., and that the legislature had the right to anticipate the vacancy which would occur upon the expiration of the two years from the election of H., and before another session of the legislature, by the election of M., who will then be entitled to the office.

APPEAL from the Circuit Court of Anne Arundel county.

On the 22nd of January 1852, the legislature, by joint vote, elected Mr. Bateman State librarian, "according to the constitution, for the term of two years." Mr. Bateman resigned the office on the 20th of April 1853, and on the 23rd of that month, the appellee, by joint vote of the legislature, "was duly elected State librarian." On the 7th of March 1854, the appellant was in the same manner "duly elected State librarian," and insisting that the appointment of the appellee was only for the unexpired balance of Mr. Bateman's term, and having qualified in due form, demanded possession of the office from the appellee, which the latter refused to give. The appellant thereupon, on the 24th of April 1854, filed a petition in the circuit court of Anne Arundel county, and obtained a rule against the appellee to show cause why a *mandamus* should not issue to compel him to surrender the office to the petitioner.

The appellee filed his answer, insisting, that he was elected to the office for two years from the 23rd of April 1853, and thereafter, until his successor should be duly elected and qualified. He also insisted, that the election of the appellant was not in accordance with the constitution, but in violation thereof, and null and void, and that respondent is entitled to hold the office for two years from the 23rd of April 1853,

and after that period, until a successor to him shall be elected and qualified in accordance with the constitution. The court, (BREWER, J.,) passed an order refusing the application and discharging the rule, accompanying which the judge delivered the following opinion:

"The constitution of Maryland was adopted in the spring of 1851, and ratified in June. The elections by the people under it took place in November of that year, and the legislature met in January 1852, at which session Mr. Bateman was elected librarian. During the session of 1853 he resigned, and Mr. Harwood was appointed. According to the journal, 569, 601, no reference was made, either in the message for that purpose or in the report of the tellers, to the filling a vacancy, or to the period during which the then appointed librarian was to hold the office. By the 7th section of the 7th article of the constitution, which is the only article or section referring to the office of librarian, it is provided, that "the State librarian shall be elected by the joint vote of the two branches of the legislature for two years, and until his successor shall be elected and qualified." No provision is anywhere made for the filling of any vacancy by the legislature, or by any other authority.

"If the question depended upon this section alone, I do not see how it could possibly be contended, that a librarian appointed at any time by the legislature should hold his office for less than two years; the language of the section is as explicit as it could be possibly made. Whether the session of the legislature were annual or biennial, some inconvenience might result from the omission of any provision with regard to vacancies. Supposing that the legislature have the power to fill all vacancies, whether occurring at the termination of the constitutional period of two years, to be held for that term, or occasioned by the death, removal or resignation of the incumbent, to be held for the residue of the term, the vacancy may happen while the legislature is not in session, and it might be considered doubtful whether the vacancy could be filled by any other authority, or at all, without a call

for a special meeting, which would hardly be made for such a purpose. It would also be doubtful for what period a librarian appointed by any other authority, if he could be so appointed, would hold his office. With regard to appointments made by the legislature, the inconvenience would be less. If made at the regular period for the two years, he would hold for that period; if made to fill a vacancy for the unexpired term, he would hold by the very words of the section until his successor should be appointed; or the legislature might perhaps, in analogy to their action in another case, (U. S. senator,) make an appointment to take effect at a future period. But the court cannot, by forced construction, remedy an inconvenience or supply a "*casus omissus*" in the constitution.

"Looking to other parts of the constitution prescribing the mode of appointment to other offices and their tenure, we must be satisfied that the convention perfectly understood the propriety of making provision for vacancies occasioned by the death, removal or resignation of an incumbent. It has done so in numerous instances, and we have a right to infer, either that the omission to do so in this instance was caused by the hurry in which the convention was brought to a close, or the inattention of the persons to whose supervision this portion of the constitution was entrusted; or that it was considered that no provision was necessary, adopting the principle of a celebrated politician, that "few died and none resigned, at least, without the expectation of getting a better office," and those offices being filled generally at the general election, a short time before the meeting of the legislature, that no great inconvenience would be caused by the omission.

"If, however, a vacancy should occur in the office of librarian by death, resignation or removal, while the legislature was not in session, it might possibly be filled by the governor until the meeting of the legislature, under the 11th and 12th sections of the 2nd article, or by an implied power arising from the general intention of the constitution and the necessity of the case. In the *Reports of the Opinions of the Attorney*

54      v.5

*Generals*, 884, Mr. Taney says: "As the president is required by the constitution to take care that the laws be faithfully executed, it becomes his duty to fill the offices which are necessary and have been legally established for that purpose, provided the constitution confers on him the power." And again, "the constitution was formed for practical purposes, and a construction that defeats the very object of the grant of power cannot be the true one. It was the intention of the constitution that the offices created by law and necessary to carry on the operations of the government should always be full, or, at all events, that the vacancy should not be a protracted one." At all events, I see no reason why, if the constitution cannot be so construed as to give the appointing power to some authority, the legislature should not have the power to supply the omission, unless it should be provided for by the act of 1847, ch. 53, referred to in the argument. The new constitution changes the mode of election from concurrent vote to joint ballot; changes the tenure to two years from the indefinite period of that law, but gives the power to the governor to appoint in case of vacancy in the recess of the legislature. It seems to me that the 2nd section of that act is in force, and that at the meeting of the legislature it appoints for two years.

"But it is argued, that in construing any section of the constitution, we should look not to that section only, but to the general object and intention of the constitution with regard to all the offices embraced in it, and make the construction put on any section accord with it if it can be done. And it is said, that from an examination of all the provisions with regard to all the offices, the general intent appears to have been, that the vacancies should be filled at the biennial period of the general election by the people, and for that purpose they are very generally held for two, four and six years. Most if not all these provisions have been referred to and examined in detail in the argument, and it is contended, that in nearly all it is obvious, that the intention is, that whenever a vacancy occurs before the regular term expires, it should be

filled for the residue of the term only. In the case referred to by the applicant in 6 *How. Miss. Rep.*, 601, all the State officers seem to be elected at the general election by the people; the general object of the constitution was the election by the people and at short terms, and all the officers were elected for two, four and six years, which concurred in point of time with these general elections. The rules of construction laid down in that case are, "that all instruments must be construed according to the sense of the terms used, and the intention of the parties. That we must look to the scope and design of the instrument, viewed as a whole, and also viewed in its component parts." If the design and object be clear, although the provisions may seem to be doubtful, we have a sure guide to a proper construction. The rules applied to the constitution of Mississippi, led to the decision in that case, but the constitution of Maryland differs much from that. There are but four cases where no provision is made for vacancies, to wit, lottery commissioner, commissioner of land office, county commissioners to be elected by the people at the regular elections, and the librarian to be elected by the legislature. These are all in the same article, and the provisions for the first two, were probably accidentally omitted, to wit, commissioner of the land office and commissioners of the county. The lottery commissioner is, by express terms, to be elected at every general election for delegates, which makes it sufficiently clear, that an intermediate appointment to a vacancy, if one can be made without further provision by law, would continue to that period only. The two others referred to, have no such provision, and are too obscure to elucidate this case. As to almost all the other offices, there are express provisions for filling vacancies, prescribing the term for which the appointee shall hold, governor, comptroller, treasurer, state's attorney, wreckmaster, justices of the peace, constables, orphans court, surveyor, &c. With reference to some, such as delegates and senators, the language used sufficiently indicates the period of the term of office. Judges, when elected to vacancies by express provision, hold

Marshall vs. Harwood.

for the same period as those elected at the general election; county clerks probably hold also for the same time, but it is not so clear in that case. Almost every office seems to have its peculiar provision differing in some measure from the others. I do not think that any general rule of construction can be deduced from them. In the present case, the librarian is not to be elected by the people, but by the legislature which sits generally every two years, but may sit oftener. Every vacancy may therefore possibly be filled by them, within a short period of its occurrence. The special provision for this case, does not seem to be doubtful. There seems to be no general design or object which could influence it materially, and it is the safest course to abide by the intention of the constitution, evinced by the sense of the words used in the particular provision, than to search for the general scope and object of the instrument through so many varying provisions. The word vacancy is used in the constitution in different senses, sometimes as meaning a void office merely, at other times as the term also for which the vacancy is to be filled. It is not necessary to make a particular examination of the authorities referred to by the defendant. To do so with much advantage, it would be necessary also to make a lengthened examination of the constitutions which they have construed. They appear to me however, so far as I have been able to comprehend the principles established by them, to sustain the view taken of this case.

"The application for a *mandamus* is therefore, this 31st day of May 1854, refused, and the rule discharged."

From this order the petitioner appealed.

The cause was argued before LE GRAND, C. J., ECCLESTON, MASON and TUCK, J.

*Alexander B. Hagner* and *William Schley* for the appellant.

The legislature in electing Mr. Bateman say, that he was elected "*for two years*," but when they elect Mr. Harwood they simply say he was "duly elected State librarian." The

7th section of the 7th article of the constitution, makes no provision for the case of a vacancy in this office, but if our construction, that Mr. Harwood was only elected to fill the unexpired balance of Mr. Bateman's term, be not the true one, the case of this office is a complete anomaly and unlike that of every other in the whole instrument.

The general design of the constitution is, that all officers shall serve for two years, or some multiple of two years. In cases where the vacancy is provided for it is expressly provided, that the appointee shall serve out the unexpired term, or the term for which he shall hold is prescribed. See the case of county clerks, art. 4, sec. 14; registers of wills, sec. 18; justices of the peace and constables, sec. 19; sheriffs, sec. 20; chancellor and register in chancery, sec. 23; judges of the orphans court, secs. 17 and 26; the governor, art. 1, sec. 7; the judges, art. 4, sec. 25; state's attorneys, art. 5, sec. 5; comptroller and treasurer, art. 6, sec. 1; commissioners of public works, art. 7, sec. 3; county surveyors, sec. 10; wreckmaster, sec. 11. In all these cases where the design was, that the appointee to a vacancy should hold for a less time than the unexpired term of the original incumbent, it is so expressly stated and the time prescribed.

In other cases it is provided, that the officer shall serve for two years, and nothing is said about a vacancy, as in this case. See also the case of the commissioner of the land office, art. 7, sec. 9; lottery commissioner, art. 7, sec. 4; county commissioners, art. 7, sec. 8. In the case of members of the house of delegates, they are elected for two years, and provision is made in art. 3, sec. 29, for an election to supply a vacancy, but it is not stated for what period the party thus elected shall hold. Will it be said that he holds for two years from his election? The legislature has decided in the cases of Worthington and McElfresh and others, that the party so elected only holds for the unexpired term of the two years. See House Journal for 1852, pages 45, 57, 64, 161, 474, 475, 628. If the construction on the other side be

the true one, there would arise the utmost confusion in the times of elections, whereas ours produces uniformity.

None of the cases cited upon the other side construing the constitutions of other States, can have any influence upon the construction of our own. We must read it by the best lights we have. The article in question, (art. 7, sec. 7,) speaks of the office of State librarian; it does not create the office but provides for an existing one. The office was created by the act of 1826, ch. 53. He is the officer of the legislature. By the act of 1847, ch. 53, he was to be elected by the concurrent vote of the two houses, and by the constitution he is to be elected by the joint vote. The meaning of the section is, that there shall be an election of librarian every two years; in other words, it means that each legislature shall elect its own librarian.

Though the petition raises but one question, to wit, whether the appellant is entitled to the office now, yet the answer asserts that his election is null and void, and this point we desire should be decided. In case the court should decide that Marshall is not entitled to the office now, we insist that he will be entitled at the expiration of two years from Mr. Harwood's appointment, and that the legislature clearly had the right to anticipate the vacancy. *Contested Elections*, 874, *Lanman's Case.* 2 *New Hamp.*, 202, *Johnston vs. Wilson.*

*William Harwood* and *Thos. S. Alexander* for the appellee.

The only question now before the court is, whether the appellee can be turned out of office *now?* And this depends entirely upon the construction of the 7th section of the 7th article of the constitution. This section, 1st, establishes the office; 2nd, prescribes the mode of election; 3rd, fixes the term of office; 4th, the salary of the officer, and 5th, defines his duties. In regard to all these except the last, the constitution is absolute, and the legislature has no power to change them by any act or resolution. There is no prescribed period for the commencement or ending of his term. The provision simply is, that when elected he shall hold his office for

Marshall *vs.* Harwood.

two years, and until his successor is duly elected and quali-
fied. The plain meaning of this is, that *every* librarian when
elected shall serve for that period. The case of the election
of clerks of this court, (art. 4, sec. 3,) is analogous. Mr.
Gill was elected for six years; upon his death, shortly after
his appointment, the present clerk was also elected for six
years, and not for the unexpired term of Mr. Gill.

They also referred to and commented upon the cases of
*Marbury vs. Madison*, 1 *Cranch*, 157. 1 *McCord*, 233, *Jeter
vs. The State. Ibid.*, 238, *State vs. Lyles. Ibid.*, 240, *State
vs. Hutson. Ibid.*, 245, *State vs. McClintock.* 5 *Sme. &
Mar.*, 632, *Hughes vs. Buckingham.* 4 *Texas*, 400, *Banton
vs. Wilson.* 2 *G. & J.*, 254, *State vs. Wayman.* 11 *Wend.*,
132, *People vs. Coutant.* 2 *Do.*, 266, *People vs. Green.* 6
*Cowen*, 642, *People vs. Garey.*

MASON, J., delivered the opinion of this court.

There is but one clause in the constitution relating to the
office of librarian, and that is the 7th section of the 7th
article, which provides, that "the State librarian shall be
elected by the joint vote of the two branches of the legislature,
for two years, and until his successor shall be elected and
qualified."

The import of this language, taken in its usual sense, is
free from doubt. Unless then it be repugnant to sound sense
and reason, and to the manifest intention of the framers of
the constitution, as gathered from other analogous portions of
the instrument, we must give it its natural and ordinary inter-
pretation. We can discover no such repugnancy. First,
then, the librarian is to be elected by the joint vote of the
two houses of the legislature. Mr. Harwood was so elected.
In the next place the office is to be held for two years. Mr.
Harwood was elected on the 23rd April 1853. We think he
is elected for two years from that date. There is no intima-
tion in express terms in the constitution, nor can we infer by
analogy from any of its other provisions, that it was the duty
of the legislature to regard the term of Mr. Bateman, the

former incumbent, as still subsisting at the time of the election of Mr. Harwood. Nor can we discover any sound reason why it should be so regarded. Neither the public interest, nor any wise design of the constitution, that we can discover, would be promoted by coupling Mr. Harwood's election with the previous term of Mr. Bateman. The only reason that can be assigned why the appellee's election should not be regarded as the commencement of a new term, is; that it would expire at a time when the legislature would not be in session, and that it was the design of the constitution that the terms of this office should only expire during the sessions of the legislature. We have already said that we can discover no authority for this position, either in the enactments of the constitution, or in sound sense and good policy. Suppose the first election under the constitution had taken place in April 1852, instead of January, this being a session of the legislature which was exempted from the constitutional limit, and that there had been no resignation, would the election have been less valid because of the fact that the two years would have expired in April 1854, during the recess of the legislature? Clearly not. It would then follow that this term would have ended in April 1854, during the recess, and that the legislature next preceding that time would either have had to elect in anticipation of the vacancy, or have curtailed the term by declaring the office vacant at the moment of the new election; or if there was no power in the legislature to do either, then the anomalous result would follow that the first incumbent would hold the office, (not from any omission or neglect to elect on the part of the legislature, but from a legal or constitutional inability to do so,) for *four years*, when the constitution expressly limits the term to two. In the case we have put, we are clear the legislature would have no power to curtail the term, by making it end during the session at which the election took place, nor would the incumbent have a right to hold over, merely because the election took place before the term had actually expired. It would clearly have been competent for the legislature in such

a case to have anticipated the vacancy and to have elected in advance.

Regarding Mr. Harwood's term of two years to have commenced with his election and qualification, we think it should be governed by the same rules. The *qualification or addition* which the constitution annexes to the term, that the incumbent shall hold the office, in addition to his two years, "until his successor shall be elected and qualified," must relate to an omission or neglect in the legislature to make the election, or to the unwillingness or inability of the new appointee to qualify. We repeat, that in our opinion Mr. Harwood was elected for two years from the 23rd of April 1853, or until a successor is duly elected and qualified. The point as to the legality of the election of Mr. Marshall is distinctly raised by the record, and we think proper to decide it; by doing so all future confusion and doubt will be avoided. We are of opinion that the legislature had the right to elect in anticipation of the expiration of the two years for which Mr. Harwood was elected, and that at the expiration of that time Mr. Marshall will be entitled to be qualified and inducted into office.

*Order affirmed, with costs in both courts.*