# MARYLAND REPORTS.

## OCTOBER TERM, A. D., 1867.

ROBERT J. JUMP, Comptroller of the Treasury, *vs.* THOMAS A. SPENCE.

*Construction of the Constitution of 1864— When salary may be rightfully claimed.*

Under the Constitution of 1864, an election was held on the 7th of November, 1865, for a Judge of the 12th Circuit, when S., the incumbent elected in 1855, and F., were the opposing candidates; the latter was returned by the judges of election as duly elected, was commissioned by the Governor, and on the 29th of November, 1865, took the oath of office and entered upon the discharge of its duties. S. contested the election of F., and the House of Delegates decided that the former, and not the latter, had been duly elected. S. was thereupon commissioned by the Governor, and on the 14th of February, 1866, qualified and entered upon the duties of his office. HELD:

That under the 7th section of the 1st Article of the Constitution, S. could not be considered as in office, though elected in November, 1865, until he had qualified, after receiving a commission, by taking the oath prescribed in said section.

The issuing of the commission and the taking of the prescribed oath by the party, are conditions precedent to the complete investiture of the office, and no person can lawfully exercise the functions of Judge, or have a rightful claim for salary as such, until these conditions have been complied with; such qualification does not relate back to the day of the election of the Judge, and entitle him to compensation from that time.

That notwithstanding S. was in office at the time of the election, and was continued as Judge until the expiration of the term for which he was

2 MARYLAND REPORTS.

Jump, Comptroller of the Treasury, *vs.* Spence.

originally elected and until his successor should be elected and qualified, he was superseded by the commission and qualification of *F.*, as effectually as if the election of the latter had been subsequently confirmed by the House of Delegates.

APPEAL from the Circuit Court for Anne Arundel County.

This is an appeal from an order of the Circuit Court for Anne Arundel county granting a *mandamus*, requiring the appellant, as Comptroller of the State to issue his warrant to the Treasurer, in favor of the appellee, for a certain sum of money claimed by him to be due for salary as Judge of the twelfth Judicial Circuit. The appellee was elected Judge of the eighth Judicial Circuit of Maryland, composed of Worcester, Somerset and Dorchester counties, in November, 1855, for ten years, and was duly commissioned and qualified as such, and entered upon the discharge of his duties, and so continued to discharge them, when, on the 7th of November, 1865, the election took place under the Constitution of 1864, for the twelfth Judicial Circuit, composed of the same counties. At that election, the appellee and Mr. John R. Franklin, were the opposing candidates, and the latter was returned by the judges of election as duly elected to that office. He was thereupon commissioned by the Governor, and on the 29th of November, 1865, took the oath of office, and entered upon the discharge of its duties, until the 14th of February, 1866. The appellee contested the right of Mr. Franklin to said office, and the House of Delegates, the final judge on the subject, determined on the 8th of February, 1866, that the former, and not the latter, had been duly elected; thereupon the appellee was duly commissioned by the Governor, qualified on the 14th of February, 1866, and entered upon the discharge of his duties, and superseded Mr. Franklin. The General Assembly, by the Act of 1865, ch. 183, made the usual appropriation for the Judiciary of the State, including the salary for the Judge of the twelfth Circuit, and by the Act of 1866, ch. 29, it made another appropriation of $513.75 for the salary of Mr. Franklin, as Judge of this Circuit, from the date of his qualification

to that of the qualification of the appellee—from the 29th of November, 1865, to the 14th of February, 1866.

On the 21st of April, 1866, the appellee filed his petition for a *mandamus*, requiring the appellant, to grant him a warrant on the Treasurer for the salary of Judge of this Judicial Circuit, for the period of time that Mr. Franklin had acted as such Judge. The appellant answered this petition denying the right of the appellee to a *mandamus*, for the following reasons:

1st. Because, as Comptroller of the State of Maryland, and by the Constitution and laws thereof, he is not subject to the control or direction of the Circuit Court in matter or manner as is set forth in the said petition.

2d. Because Mr. Franklin having been returned by the proper authorities as receiving the greatest number of votes, and declared to be elected Judge of the twelfth Judicial Circuit as above stated, and having entered upon the duties of that office on the 29th of November, 1865, and continued to discharge the same until the 14th day of February, following, when for the first time the appellee was qualified to supersede Mr. Franklin in said office, and discharge the duties thereof, the said Franklin, and he alone, was entitled to the salary of the said office during the period he held the same as above stated.

3d. Because the petitioner does not state, nor does it appear, that he was ever, before the 8th day of February, 1866, declared elected Judge of the twelfth Judicial Circuit of Maryland, or that he ever was commissioned as such Judge by the Governor of Maryland, before the 8th of February, 1866, or that he had ever, before the 14th of February, 1866, taken and subscribed the oaths or affirmations required of him by the Constitution of this State, in order to enter upon the discharge of the duties of that office; and *"such qualification being an indispensable prerequisite to his investiture with the authority and responsibilities of that office,"* he can claim no right to the salary thereof, until after he had been declared duly elected,

and been commissioned and qualified as aforesaid, which did not take place until the 14th day of February, 1866.

4th. Because Mr. Franklin was returned as having received the greatest number of votes, and declared elected to the office of Judge of the twelfth Judicial Circuit, and was commissioned and qualified to discharge the duties thereof, and having discharged the same from the 29th of November, 1865, to the 14th of February, following, and the General Assembly having appropriated money specially to pay the said Franklin for those services, which money has been duly paid to him, it would be a violation of the Constitution and laws of this State, to direct the petitioner's claim, as demanded by him, to be paid.

The Court (JUDGE MASON, acting as Special Judge,) ordered the *mandamus*, as prayed for.

The cause was argued before BARTOL, C. J., NELSON, GRASON and ALVEY, J.

*A. Randall*, (Attorney General,) for the appellant contended that the order of the Court ought to be reversed and the *mandamus* refused for the reasons assigned in the answer to the petition, and in support thereof referred to the following authorities:

*1st Reason.* Tapping on Mandamus, 67; *Ellicott vs. The Levy Court*, 1 *H. & J.*, 360; *Kerr vs. The State*, 3 *H. & J.*, 560; *The State, use of the Levy Court, &c. vs. Merryman*, 7 *H. & J.*, 79; *Green vs. Purnell, Comptroller of the Treasury*, 12 *Md. Rep.*, 337; *State, relation of McClellan, vs. Graves, et al.*, 19 *Md. Rep.*, 352; *Commissioners of Pub. Schools vs. The Commissioners of Allegany county*, 20 *Md. Rep.*, 461.

*2d Reason.* Constitution of 1867, Art. 4, sec. 27; Art. 12, sec. 6; Art. 1, sec. 7; Art. 4, sec. 14; Code of Pub. Gen'l Laws, Art. 35, ss. 33, 34; *Thomas vs. Owens*, 4 *Md. Rep.*, 220.

*3d Reason.* Thomas *vs.* Owens, 4 *Md. Rep.*, 220; *United States. vs.* Le Baron, 19 *Howard,* 78.

*4th Reason.* Constitution of 1867, *Art.* 4, *sec.* 14; *Act of* 1865, *ch.* 183; *Act of* 1866, *ch.* 29.

*A. B. Hagner,* for the appellee.

1st. The appellant objects to the form of the remedy invoked against him. If any point be settled in this State, the power of the Courts, to interpose in such a case as this, by *mandamus,* may be regarded as beyond dispute.

2d. It is objected that Mr. Franklin received the certificate of election, and was commissioned by the Governor as Circuit Judge, and continued to claim the office until the 8th of February, 1866, and is entitled to the salary.

But the House of Delegates on that day conclusively determined, that the appellee had been Circuit Judge from the day of the November election, and their resolve is an impregnable settlement of the point. That Mr. Franklin had claimed the office up to that date, and had received a commission, are matters of entire indifference, for it only shows that he was a usurper of the appellee's office under color of title.

It is settled that the appellee was entitled to the office from November, 1865, and it is admitted that he was ready and anxious from that day to perform his judicial duties. Can it be that the usurpation of an office by an intruder, even with color of title, can deprive the *rightful* officer of its profits and emoluments? The emoluments pertain to the *rightful title,* and not to that of the usurper. When Mr. Franklin received his commission, with knowledge that his election was contested, he knew that his colorable title was liable to be divested by the House of Delegates. If he, nevertheless, resolved to stand on his colorable title, he could not expect to receive the salary dedicated by law to the *rightful* Judge, if it should be decided that another person, and not he, was the duly elected officer. Nothing could be more impolitic, than to allow the individual who has

usurped an office to receive its emoluments, during the continuance of his usurpation. It would be a deliberate encouragement to every defeated candidate to retain the office from which the people had decided to eject him. As it must be conceded that the appellee had the rightful title to the office since November, 1865, and that he was always anxious to perform its duties, and was prevented by an intruder, there is no equity that could justify. the withholding of his salary, even were the law of the case less clearly in his favor. *State of Maryland vs. Jarrett & Howard,* 17 *Md. Rep.,* 329.

3d. The special appropriation by the Legislature in favor of Mr. Franklin, by the Act of 1866, ch. 29, so far as it has any effect upon the question, should rather be regarded as a Legislative construction in favor of the claim of the appellee. If the Legislature had supposed, that Mr. Franklin was entitled to draw the salary which had been dedicated to the duly elected Judge, the special appropriation to Mr. Franklin would not have been made, but he would have been remitted to the appropriation of 1865 for his pay.

But the conclusion naturally arises, that knowing the appellee was entitled to the quarter's salary under the Act of 1865, and desiring to pay Mr. Franklin for the services he had rendered while holding the place of Judge, the Legislature made the special appropriation to Mr. Franklin, as the only mode in which he could be compensated. The payment to Mr. Franklin is like that made to special Judges who exercise the functions of the judicial office, although there is at the time a regular Circuit Judge, who also receives his salary at the same time. There is no constitutional inhibition upon the Legislature to pay two persons, as in this case. It was competent for them to vote Mr. Franklin as many thousands as they did hundreds. The money in the treasury belongs to the people of the State, and the people's representatives can dispose of it as they think fit, provided they run counter to no constitutional provision on the subject. But the Legislature has no power to deprive the rightful Judge of his con-

stitutional salary, and if they had attempted to bestow the appellee's salary upon Mr. Franklin in express words, their action would have been utterly void.

It is objected, that the appellee did not qualify under his new commission, until after the quarter for which he claims this salary; and the case of *Owens vs. Thomas,* 4 *Md. Rep.,* 220, is relied upon as showing that the salary can only commence from the qualification.

The Constitution of 1864, Art. 4, sec. 28, fixes the salary of the Circuit Judge at $2500 per annum. The same article, sec. 3, declares that the Circuit Judge "shall hold his office for the term of fifteen years *from the time of his election.*" Such was not the language of the Constitution of 1851, relied upon in 4*th Md.,* and the Court bases its opinion upon the fact, that the term of office there did not commence *from the election of the* officer, as is expressly the case in the paragraph above quoted.

A Circuit Judge was to be entitled to a fifteen years term, and the salary for that period. He could not intrude into the fifteen years of his successor, for *his* term was to commence from the time of his election. And unless he was allowed to receive his salary from November, 1865, he would be deprived of part of the emoluments of his fifteen years term. *Marbury vs. Madison,* 1 *Cranch,* 151.

But here the delay to qualify was *involuntary,* since the appellee could not qualify until the Governor should have given him his commission. *Magruder vs. Swann,* 25 *Md. Rep.*

But in fact, the appellee had taken the very oath prescribed in sec. 7, of Art. 1, as far back as 1864, within thirty days after the Constitution went into effect. Art. 1, sec. 8.

But the appellee is entitled to this salary in another mode, if we are wrong in our first position. At the election in November, 1855, the appellee had been chosen Circuit Judge under the Constitution of 1851; and was Judge of the eighth Circuit at the adoption of the Constitution of 1864.

By Art. 4, sec. 27, it was declared, that the then Judge of the eighth Circuit, should *continue* to act as Judge of the Circuit Courts within the Judicial Circuit in which he resided, until the expiration of the term for which he was elected, and until his successor should be elected *and qualified.*

Who was the appellee's " successor," that is to say, his *lawful* successor? Of course it was the individual who was "duly elected" in November, 1865.

When was that successor " elected and qualified? " For until both these requirements should be complied with, the appellee was " to continue to act as Judge" under his former election. *State vs. Wayman,* 2 *G. & J.,* 254. His successor, it is settled, was "elected" in November, 1865; and the successor it is said, was not *" qualified"* until 14th of February, 1866: then the appellee held, under his *former* election, until the 14th of February, 1866. If the appellee were not Judge during this period then there was no Judge in the Circuit; for the House of Delegates conclusively settles that Mr. Frankiln was not " elected." Was it expected that the appellee should continue to act as Judge during all this time without compensation?

But it is said, he did not perform any judicial duties until after his qualification on the 14th of February, 1867, and therefore should not receive pay. In point of fact the record shows, that he performed at least one judicial act before qualifying under his new election. The claims of Judges to their salaries, do not rest entirely upon a *quantum meruit;* and a Judge whose ill health had prevented him from performing a single official act during a quarter, would still be entitled to his whole salary. *A fortiori* should he be entitled where he is willing to work every day, and is hindered from performing his official duties by the intrusion of one who has no title to the office. *Patterson vs. Miller,* 2 *Metcalfe,* 493; *Hill vs. State,* 1 *Ala.,* 559; *People vs. Teiman,* 30 *Barbour,* 193; *Commissioners vs. McDaniel,* 7 *North Car. Law Rep.,* 113; *Rodman vs. Harcourt, &c.,* 4 *B. Monroe,* 229; *Marbury vs. Madison,* 1 *Cranch,* 151; *State of Maryland vs. Jarrett & Howard,* 17 *Md. Rep.,* 329.

Jump, Comptroller of the Treasury, *vs.* Spence.

ALVEY, J., delivered the opinion of this Court.

Without discussing all the several grounds assigned by the appellant why the *mandamus* should not issue in this case, we shall state briefly some of the reasons that lead us to the conclusion that the writ was erroneously ordered by the Court below.

There is no doubt but that the judgment of the House of Delegates, in the contest between the appellee and Mr. Franklin, conclusively established the right of the former to the office of Judge of the twelfth Judicial Circuit, by virtue of the election held on the 7th of November, 1865.

But while this is conceded, it does not follow that the appellee is entitled to the salary of the office for the time intervening between the 29th of November, 1865, the day on which Mr. Franklin qualified under the commission issued to him by the Governor, upon the returns of the election, and the 14th of February, 1866, the day of the appellee's qualification under the commission issued to him by the Governor, after the determination of the contest by the House of Delegates.

The provisions of the Constitution of 1864, under which the election took place, having immediate reference to the question under consideration, are found in sec. 7 of Art. 1, and sec. 28 of Art. 4.

By the last mentioned section, it was provided that the annual salary of the Circuit Judge should be $2500, payable quarterly, and should "not be increased or diminished during *his continuance in office.*"

By the first mentioned section, it was declared that, "*Every* person elected or appointed to *any office* of trust or profit under this Constitution, or under the laws made pursuant thereto, *before* he shall enter upon the duties of such office, shall take and subscribe" the oath or affirmation, the form of which was prescribed.

We think it clear from the section just cited, notwithstanding the language employed in sec. 3 of Art. 4, in regard to

the term for which the party should hold, that the appellee could not be considered as *in office*, though elected in November, 1865, until he qualified, after receiving a commission, by taking the oath prescribed by this 7th section of the 1st Art. of the Constitution. The whole instrument must be taken together, and so construed as to render its different parts consistent.

In our theory of government the office is not supposed to be created for the benefit of the individual who may be elected to fill it, but for the good of the people, to be derived from the actual and faithful exercise of its functions; and hence it has been well said that, by a common sense interpretation of the Constitution, we could not do otherwise than conclude it to be the purpose of its framers " to make no gratuities, but to pay for services actually rendered, and that no one under it is authorised to claim a salary attached to an office, until he has accepted it, and qualified himself by taking the prescribed oath." That was said in the case of *Thomas vs. Owens*, 4 *Md. Rep.*, 220, where a question of the same character as the present, arising under the Constitution of 1851, was considered, and the decision in that case we regard as conclusive of the one now before us.

The issuing of the commission, and the taking of the prescribed oath by the party, are conditions precedent to the complete investiture of the office, and no person can lawfully assume the responsibilities or exercise the functions of Judge, until they are complied with; and these conditions not having been complied with in this case, before the time for which the salary is claimed, we think it clear that the appellee can make no rightful claim to such salary..

It is urged, however, as an exception to the general rule, that as the appellee was, from the time of the election to the time of his actual qualification, on the 14th of February, 1866, ready and willing to qualify and assume the duties of the office, but was prevented from so doing by the acts of others, and not by any act of his own, he was, therefore upon qualification,

entitled to the salary accruing for the time he was kept out of office. That, by operation of law, his subsequent commission and qualification related back, and entitled him to pay, for the intermediate period. This proposition we regard as wholly inconsistent with the plain intents and purposes of the Constitution. Moreover, the same proposition was made, and refuted, in the case already referred to, of *Thomas vs. Owens*, and the *dictum* in the case of *Marbury vs. Madison*, 1 *Cranch*, 151, quoted as an authority for the position, was disapproved.

As to the other position assumed by the appellee as ground for his claim, that because he was in office at the time of the election, and by the Constitution was continued as Judge until the expiration of the term for which he was originally elected, and until his successor should be elected and qualified, we agree with the conclusion to which the Special Judge in the Court below arrived in deciding this case. We think the appellee could not have continued to hold the office after the commission and qualification of Mr. Franklin, and that he was not in a position to resume it until after the contest was decided by the House of Delegates, and he was commissioned by the Governor, and had qualified as required by the Constitution.

Differing from the Court below as to the right of the appellee, we reverse the order granting the *mandamus*.

*Order reversed.*

(Decided 17th December, 1867.)