# BALTIMORE CITY COURT.

Filed October 22, 1909.

ADA SMITH LANG
VS.
THE BOARD OF SUPERVISORS OF ELECTIONS OF BALTIMORE CITY.

*Jackson & Jackson* and *Charles B. Backman* for petitioner.

*W. Starr Gephardt* for respondent.

STOCKBRIDGE, J.—

On the 29th day of July, 1909, a convention of a political party, known as the Socialist party, was held at 1526 Ashland avenue, in the Second Legislative District of Baltimore City, and there proceeded to nominate six candidates for the House of Delegates of the General Assembly of the State of Maryland, one of the candidates nominated being the petitioner in this case.

On the 28th day of September, 1909, a certificate of the nominations made at that convention was executed by Charles A. Cesky and Frank N. H. Lang, the presiding officer and secretary respectively, of said convention, in the form provided by law for the certification of candidates, and this certificate was filed with the Board of Supervisors of Elections of Baltimore City on the 1st day of October, 1909. That board refused to place upon the official ballot the name of the petitioner, and this proceeding is taken to compel the placing of the name of Mrs. Ada Smith Lang upon the official ballot.

The sole ground, so far as the answer of the respondent and the argument of their counsel discloses, for their refusal, is the fact that Mrs. Lang is a woman, and as such is, in their judgment, disqualified from, and incapable of, being a member of the House of Delegates, and the Maddox case, 93 Md. 730, and the Lelia J. Robinson case, 131 Mass. 376, are relied upon to support this contention.

The Board of Supervisors of Election is a board of purely statutory creations, and as such it can exercise no power not given to it by statute, nor can it exercise any power where the jurisdiction over the subject has been by the Constitution or Laws of this State confided to a different tribunal. It has been repeatedly held that where a certificate of nomination is presented to the Supervisors in the form provided by law, their duty with regard to it is purely ministerial, and it is their imperative duty to place the name so certified upon the official ballot: Wells vs. Monroe, 86 Md. 448; Rinder vs. Goff, 129 Wis. 668; Com. vs. Combs, 27 Ky. L. R. 751; Robbins vs. Harrity, 2 Pa. Dis. R. 163; Schuler vs. Hogan, 158 Ill. 379; Pigott vs. Benton, 13 Mont. 306.

The Constitution of this State, Article 3, Section 9, prescribes the qualifications for a member of the House of Delegates, and there are three in

number. First. That the individual must be a citizen; second, That the individual must have resided in this State for three years, and that the last year of such residence must have been in the county or Legislative District in which the nomination is made; and, third, That the individual must have attained the age of twenty-one years.

The Constitution further provides with reference to the General Assembly, Article 3, Section 19, that "each House shall be judge of the *qualifications* and election of its members, as members, as prescribed by the Constitution and Laws of the State.

It manifestly, therefore, is no part of the duty or power of a Board of Supervisors to attempt to pass upon the question of whether a given individual, whose nomination may be certified to it, does or does not possess the requisite constitutional or legal qualifications for membership in the body.

Or, to use the language of the Court of Appeals, in Sterling vs. Jones, 87 Md., 145. "The Supervisors are not made judges of the qualifications of candidates. There are other tribunals established to pass upon those questions."

It is further argued, in behalf of the respondents, that the Court will not do a nugatory act. This is perfectly true and has been frequently decided. Worman vs. Hagan, 78 Md., 163; Wells vs. Monroe, 86 Md., 448.

But such a contention presupposes that the House of Delegates, will, when the matter is presented to them, find that the given individual does not possess the requisite qualifications; that is, the action of the Board of Supervisors is based upon an assumption of the finding of the tribunal which has the power to decide, in advance of the action of that tribunal.

But neither the Supervisors nor the Court, when they do not possess the power of final determination as to the possession of the requisite qualifications, has any right to seek to forestall the determination of the tribunal to which the law has committed the jurisdiction.

Where nominations of candidates for office are regulated by law the statute virtually creates a new office, quasi office, namely, the office of nominated candidates, although this office, or right, is one of very short duration, and carries but one privilege, namely, the privilege of having the name of the person nominated printed on the official ballot. Nevertheless the right is an important one (Rinder vs. Goff, 129 Wis., 668) and can not be taken away from the person so nominated, by a different tribunal from that to which the determination of the matter has been confided by the Constitution or by statute.

The peremptory writ of mandamus will, therefore, be issued as prayed.