THE PEOPLE, ex rel. JOEL W. MASON et al., Appellants, v. JOHN McCLAVE, Respondent.

The word "term" in the provision of the New York Charter of 1873 (§ 25, chap. 335, Laws of 1873), fixing the terms of heads of departments and commissioners, is to be construed as designating consecutive periods of six years following each other in regular order; the one commencing when the other ends; and the incumbent appointed in any such period is to be treated as the incumbent of the term or period to which his appointment relates, his office expiring with the expiration of the term.

Where, therefore, the term of a police commissioner expired April 30, 1878, and his successor was not appointed until May 15, 1880, held, that the term of the latter expired April 30, 1884.

The rules for the interpretation of statutes containing provisions apparently inconsistent and contradictory, considered and declared.

(Argued March 25, 1885 ; decided April 14, 1885.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, entered upon a case submitted under section 1279 of the Code of Civil Procedure.

The facts so far as material are stated in the opinion.

· Frances Lynde Stetson and Charles P. Miller for appellant. For every police commissioner of the city of New York, duly appointed as the successor to a commissioner whose term has fully expired, the legislature has by express and repeated enactment created a definite and separate term of office of six years in length. (Laws of 1873, chap. 335, §§ 25, 39 ; Laws of 1874, chap. 300.) The change in the statute proposed by the defendant's counsel is violent and inadmissible. (People v. Woodruff, 32 N. Y. 355 ; Potter's Dwarris, 199, 209, 210.) The limitation of the statute should be referred to its fit antecedent. (Cushing v. Warrick, 9 Gray, 382; R. v. Wright, 1 Ad. & El. 448 ; 10 M. & W. 728 ; 32 N. Y. 361 ; 57 How. Pr. 424; People v. Gardner, 45 N. Y. 812.) The latter part of a statute, or even a section, prevails and repeals that which precedes, and is repugnant. (Harrington v. Trustees, etc., 10 Wend. 547 ; Sedg. on Stat. Const. [2d ed.] 107.)

The relator's statutory right to a six years' term is subject to diminution by reason of any supposed policy of the law. (Potter's Dwarris, 215 ; *Rex* v. *Stone*, 6 East, 518 ; *Haworth* v. *Omerod*, 6 Q. B. 367 ; 1 Term R. 52 ; *People* v. *Green*, 2 Wend. 266 ; *People* v. *Coutant*, 11 id. 133, 511 ; *People, ex rel. McCann*, v. *Kilbourne*, 68 N. Y. 479.) The Consolidation Act of 1882 cannot, under its own provisions, or under the general rules, be made applicable to rights like those of the relator existing at the time of its enactment. (*People* v. *Supervisors*, 16 N. Y. 424 ; *People, ex rel.* v. *Green*, 58 id. 295.)

*Joseph H. Choate* and *Edward M. Shepard* for respondent. The term of the police commissioners under the statute is six years, and the hold-over period, if any, is no part of the term. (*People, ex rel.* v. *Cooper*, 57 How. Pr. 416 ; *People, ex rel.* v. *Crissey*, 91 N. Y. 616.) A vacancy which, in the language of section 25, occurs "by reason of the expiration of the term of office," plainly does not mean an absolute vacancy, for, under the statute, the officer holds over until his successor is appointed, but simply that the office is in a condition that an appointment to it may be made. (*People, ex rel.* v. *Cooper*, 57 How. Pr. 416 ; *People, ex rel.* v. *Crissey*, 91 N. Y. 634.) The expression "any person who shall be appointed to fill any such vacancy shall hold his office for the unexpired term of his predecessor," means that after the vacancy has arisen by expiration of a term which makes it proper to appoint a new commissioner, the appointment shall be made for the unexpired portion of the term in which the immediate predecessor was serving. (*Matter of N. Y. & B. Bridge*, 72 N. Y. 527 ; 1 Kent's Com. 462 ; *Waller* v. *Harris*, 20 Wend. 561.) There is no property or legal right in a public office under the charter of New York city which the legislature may not take away, expressly or impliedly, or indirectly by providing that a former law, by virtue of which the officer was supposed to hold his office under one limitation, shall be so construed as that he shall hereafter hold it under another and different lim-

itation. (*People, ex rel.* v. *Davenport,* 91 N. Y. 585 ; *People, ex rel.* v. *Wood,* 71 id. 371.)

ANDREWS, J. This controvesy relates to the title to the office of police commissioner of the city of New York, claimed by the relator Joel W. Mason, under an appointment made by the mayor and confirmed by the board of aldermen May 25, 1880, and also by the defendant, John McClave, under a similar appointment and confirmation made November 24, 1884. The defendant was appointed in place of the relator on the assumption that the relator's term of office expired on the 1st day of May, 1884. It is conceded that both appointments were regular in form, but the controversy arises upon the contention of the relator that his appointment on the 25th day of May, 1880, was by construction of law for the term of six years, which did not expire until May, 1886, and that consequently there was no vacancy at the time of the appointment of the defendant in November, 1884, and that his appointment was unauthorized and void. The defendant upon his appointment took possession of the office, and was recognized as police commissioner by the other commissioners, and has since been acting as such commissioner to the exclusion of the relator. The appointment of the relator was not in terms an appointment for six years. His certificate of appointment is dated May 25, 1880, and certifies that he had on that day been appointed police commissioner in place of De Witt C. Wheeler, whose term of office expired May 1, 1878, in accordance with chapter 335 of the Laws of 1873, being " An act to reorganize the local government of the city of New York." It appears from the agreed facts that Wheeler was appointed police commissioner December 31, 1875, in place of George W. Matsell, removed, for the unexpired portion of a term of five years which commenced May 1, 1873, and that he held over after the expiration of that term, from May 1, 1878, until September 25, 1880, a period of two years and twenty-five days, until the appointment of the relator, no new appointment meanwhile

having been made. The question presented is purely one of statutory construction.

The present board of police commissioners in the city of New York was created under the authority of chapter 335 of the Laws of 1873, known as the city charter, as amended (in a part not material to the present inquiry) by chapter 300 of the Laws of 1874. It is by reference to the act of 1873 that the present controversy is to be solved. It is insisted by the counsel for the relator that every police commissioner of the city of New York, duly appointed as the successor to a commissioner whose term of office has fully expired, has by the express prescription of the act a definite and individual term of office of six years, which cannot be cut down or abridged by the omission of the mayor to appoint, or of the board of aldermen to confirm, a new commissioner at the time when a new appointment might lawfully be made. On the other hand it is insisted by the counsel for the defendant that, by the true construction of the act, the term of a commissioner appointed to succeed a commissioner whose term has expired, is to be reckoned, for the purpose of ascertaining its duration, from the 1st day of May in the year of the expiration of the prior term, and that the new appointee is entitled to hold his office only until the expiration of six years from that date, however long the interval may have been between the expiration of the prior term and the date of his appointment. The question is left in great perplexity by the lack of precision in the wording of the act, and the difficulty of reconciling apparently conflicting provisions. The two sections of the act of 1873, on which the determination of the controversy primarily depends, are sections 25 and 39. The first is found in the article relating to the executive powers, and the second in that relating to the police department. Section 25 vests in the mayor the power to nominate, and with the consent of the board of aldermen to appoint heads of departments and all commissioners, including commissioners of police (with certain exceptions not material here), but provides that the then president of the department of police, and certain other heads of departments named, shall hold their

offices until the expiration of their respective terms of office for which they were appointed, unless removed for cause. The section then provides as follows: " Every head of department and person in this section named, except as herein otherwise provided, shall hold his office for the term of six years, and in each case until a person is appointed in his place. The terms of office of all such heads of departments, and persons other than those first appointed, shall commence on the first day of May, but the heads of departments, consisting of boards of commissioners first appointed after the passage of this act, shall, except as herein otherwise expressly provided, be appointed for two, four and six years, respectively, and except that the commissioners of police first appointed as aforesaid shall hold their offices 'for one, two, three and five years, respectively. The persons first appointed shall take office on the expiration of the terms of office of the present incumbents, as hereinafter provided, and shall hold their offices until the first day of May in the year in which it is herein provided that their respective terms shall expire. All nominations to any office or offices which, by this act, the mayor is authorized or empowered to nominate a person or persons to in place of any present incumbent or incumbents, shall be made to the board of aldermen within twenty days after the passage of this act, and any such nomination or nominations to fill any vacancy which shall hereafter occur by reason of the expiration of the term of office of any officer, or from any other cause, and which shall not be created by any thing in this act providing for the termination of the term of office of any officer or person now in office, shall be made to the board of aldermen, within ten days from the day of the date of any such vacancy ; and any person who shall be appointed to fill any such vacancy shall hold his office for the unexpired term of his predecessor." The thirty-ninth section is as follows: " The police department shall have for its head a board to consist of five persons, to be known as police commissioners of the city of New York, who, except those first appointed, shall hold their offices for six years, unless sooner removed as herein provided ; but those first appointed

shall be appointed and hold office for one, two, three and five years, respectively." Section 117 declares that the terms of office of the police commissioners and other officers authorized to be appointed by the mayor and board of aldermen, except as otherwise expressly provided in the act, shall cease, terminate and expire on the 1st day of May, 1873, unless an appointment of a successor shall be sooner made as provided in the act. The act was passed April 30, 1873, and, except as to certain provisions not material to mention, took effect on the day of its passage.

The relator's counsel rests his case upon the thirty-ninth section, and insists that by the necessary force and meaning of that section a police commissioner appointed as successor to a commissioner whose term had fully expired, holds his office for six years from the time of his appointment. If this was the only section of the act relating to the duration of terms, the claim would be unanswerable. It is to be observed that the prescription in the thirty-ninth section of the term of six years is general, and applies to every appointment of police commissioners after the first appointments. If this section is alone regarded, the term of six years is given not only to a police commissioner appointed, as was the relator, to succeed one whose term had fully expired, but to every appointee, whether appointed to fill a vacancy created by the expiration of a term, or one created by the death, resignation, or removal of an incumbent during his term of office. The section makes no discrimination between these different classes of appointees in respect to their terms of office, and if any distinction exists, and one class hold their offices for six years, and the other for the unexpired term of their predecessors only, it must be found in other provisions of the act. The counsel for the relator is compelled to concede that a commissioner appointed to fill a vacancy caused by the death, resignation, or removal of an incumbent, holds only for the unexpired term of his predecessor. Section 39 makes no such exception, and the concession of counsel, which it was impossible to avoid, is an aban-

donment of any claim that that section determines in every case the period for which an appointee may hold his office.

In determining the question now before us, the court is to be guided by the established rules of interpretation of written instruments. It is not compelled — indeed, it is not permitted, to give absolute and unqualified effect to a single section or clause of a statute, however direct, plain and unambiguous, considered by itself alone, the language may be, if there are other provisions inconsistent with a literal and unrestricted interpretation of such clause or section, unless the repugnancy is irreconcilable, in which case it is the duty of the court to preserve the paramount intention, so far as it is consistent with the rules of law, although this may lead to the rejection of some subordinate and secondary provision. (*Taggart* v. *Murray*, 53 N. Y. 233.) But fortunately it does not very frequently happen that a statute is incapable of a construction which will give some effect to all its parts. The primary purpose of interpretation is to ascertain the intent of the law-makers, and in statutes as other instruments, clauses, in themselves absolute and unqualified, may be limited by other clauses and provisions. The whole context of a statute may be examined to ascertain the meaning of a particular clause, and this becomes necessary where the meaning is doubtful, or where by giving a particular clause full effect it would come in conflict with other clauses. A statute, like a will or contract, is to be construed as a whole, and in applying this principle of construction, it is not material in what order provisions, which at first blush seem contradictory, are placed. The meaning is to be collected *ex antecedentibus et consequentibus,* and a later provision may be qualified by a prior one, or the contrary. When the effort at a reconciling construction fails, and the repugnancy of different parts is absolutely irreconcilable, courts sometimes solve the difficulty by applying the somewhat arbitrary rule that the last expression of the law-maker in the act embodies the final intent, and on this ground give it effect rejecting the prior inconsistent provision. But this is a rule to be resorted to only *in extremis.*

(*Richards* v. *Bluck*, 6 C. B. 441; Broom's Max. 430, and cases cited.)

A casual reference to the twenty-fifth section discloses one plain and marked exception to the general words in the thirty-ninth section, prescribing a six-years term, an exception to which we have already referred, and which is created by the clause in the twenty-fifth section following the clause prescribing the time within which nominations by the mayor shall be made to fill vacancies. The clause is, " and any person who shall be appointed to fill any such vacancy shall hold his office for the unexpired term of his predecessor." This clause places it beyond doubt that an appointee to fill a vacancy caused by the death, resignation or removal of an incumbent during his term, holds only for the remainder of such term or period, which of course may be much less than six years. The counsel for the defendant insists that this clause applies as well to vacancies occasioned by the expiration of the full term of an incumbent, as to vacancies occurring intermediate such term. But we think this construction is inadmissible, and we accept upon this point the argument of the counsel for the relator. The preceding paragraph prescribes the time within which nominations by the mayor shall be made, *first* (in substance), that nominations in place of present incumbents, including those officers whose terms are by the one hundred and seventeenth section, made to cease and determine on the 1st of May, 1873, shall be made within twenty days after the passage of the act, and *second*, that a nomination to fill any vacancy thereafter occurring " by reason of the expiration of the term of office of any officer, or from any other cause," shall be made within ten days of the date of any " such vacancy." Then follows the clause before quoted—" and any person who shall be appointed to fill any such vacancy, shall hold his office for the unexpired term of his predecessor." We think the necessary sense of the clause requires that it should be held to refer to the vacancies other than those arising from the expiration of terms. It is absurd to say that a person appointed to fill a vacancy caused by the expiration of a term, shall hold his

office for the unexpired term of his predecessor, when the pre-
decessor could have no unexpired term. The incongruity of
such a construction is avoided by referring the word " vacancy "
in the last clause to its last antecedent subject, viz.: vacancies
occurring from causes other than the expiration of a term.
The referring of a relative to such antecedents only as will
give a clause a sensible and reasonable construction, is justified
by reason and authority. (*Cushing* v. *Worrick*, 9 Gray, 382;
*Rex* v. *Wright*, 1 A. & E. 434; Potter's Dwarris, 209, 210
and cases cited.) While the construction claimed by the de-
fendant, if permissible, would be decisive of the case in his
favor and avoid the necessity of further consideration, it in-
volves the interpolation into the clause of words which change
the natural sense of the words used, to do which would amount
to judicial legislation, and we cannot yield to it our assent.
But there are other provisions in the twenty-fifth section,
which considered in connection with the policy of the act, give
countenance and support to the defendant's title. The excep-
tion to the prescription of a six-years term provided by the
thirty-ninth section already noticed, is not the only exception
created by the twenty-fifth section. It will be noticed that
that section expressly declares that the terms of office of all
heads of departments, and persons other than those first ap-
pointed, shall commence on the 1st day of May. This pro-
vision is as peremptory as the provision in the thirty-ninth
section, that police commissioners shall hold their offices for
six years. In the practical administration of the scheme of
the ·act, it could rarely happen that a police commissioner
would hold in actual enjoyment a full term of six years by vir-
tue of his commission. So far as I can see, it would never
happen unless the appointment was made on the very 1st day
of May succeeding the expiration of the prior term, or unless
it was made before the expiration of the prior term, in antici-
pation of the vacancy, which the act does not seem to contem-
plate, as it provides that a nomination to fill a vacancy shall be
made " within ten days of the day of the date of any such
vacancy." The nomination for a vacancy in ordinary cases

would be made after the vacancy has occurred, and after the
first day of May. But the twenty-fifth section makes the term
to commence on the 1st day of May, and it ends on the 30th
day of April, six years from that time. A police commis-
sioner appointed after the 1st day of May, in the year in
which a prior term expires, would therefore hold the office in
actual enjoyment, under his appointment, only for a period of
five years and the fraction of a year. If he occupied the office
for any longer period, it would be by virtue of the provision
permitting an officer whose term has expired, to hold over
until his successor shall have been appointed. But there
would be nothing to prevent another appointment on the 1st
day of May, of the year in which his term expired. If, there-
fore, the relator had been appointed at any time within a year
after Wheeler's term expired, viz.: between May 1, 1878, and
May 1, 1879, we think it reasonably clear that his term of
office would have expired on the 1st of May, 1884, although
he had been in the possession and actual enjoyment of the
office for only five years and the fraction of a year. The
case we have supposed, differs from the case before us,
only in the fact that the relator's appointment as successor to
Wheeler, was delayed for two years and over after the vacancy
occurred. But does this change the result? Must not his
term for the purpose of computation be deemed to have com-
menced when an appointment might have been made, viz.:
May 1, 1878. It is true that the twenty-fifth section does not
specify in words that the 1st day of May, on which a term is
to commence, is the 1st day of May of the year in which the
prior term expired. But in connection with the context,
which makes it mandatory upon the mayor to make a nomina-
tion within ten days after the happening of a vacancy, that
seems to be the true meaning of the provision.

The conclusion to which the argument thus far tends, is re-
enforced by considerations drawn from the policy of the act.
The act of 1873, provided a system of executive administration
in respect to departments carried on by boards of several mem-
bers, by which the majority of the several boards should always

be composed of members of experience in the particular depart-
ments with which they were connected.   To this end the terms
of office were made to commence and terminate on the 1st of
May, and they were so arranged that the term of only one
member should expire in any one year.   To further secure the
proper working of the system, it was made the duty of the
mayor to make a nomination to fill a vacancy within ten days
from its date.   If an appointment was made to fill a vacancy
in an unexpired term, it was expressly provided that the ap-
pointee should hold only for the remainder of such term.   If
the appointment was to fill a vacancy caused by the expiration
of a term, the appointee was to hold for six years from the 1st
of May, which, however, might not be an absolute term in en-
joyment for six years, because such period might be abridged
by delay on the part of the appointing power, but if the pro-
visions of the act were carried out as intended and contemplated,
and nominations were promptly made and confirmed, every
commissioner appointed as successor to one whose term had
fully expired, would practically hold for six years.   By
construing the word "term" in the twenty-fifth section, as
designating consecutive periods of six years following each other
in regular order, the one commencing when the other ends,
and treating the incumbent appointed in any such period as
the incumbent of the particular term or period of six years to
which his appointment relates, whose office would expire with
the expiration of the six-years term or period, the policy of the
act would be preserved, or at least the chances of its being
broken in upon by unforeseen contingencies would be very re-
mote.   The policy to which we have adverted is not a mere
conjecture spelled out or inferred from doubtful phrases.   It
is plainly shown on the face of the act.   It would be subverted
by sustaining the contention of the relator.   Nor upon the
construction which we are inclined to give to the act, is the
case of the relator a *casus omissus*.   It is very unlikely that
such a delay as happened in respect to this appointment was in
the view of the legislature.   But nevertheless the contingency
was provided for, if by the true construction of the act every

new term of office for the purpose of computation is deemed to have commenced on the 1st day of May of the year in which the preceding term expired.

The Consolidation Act of 1882 removes all doubt upon the point here involved, in future cases. It was enacted " to *declare* the special and local laws affecting public interests in the city of New York." It provides in section 106, that " the terms of office of all such heads of departments and persons whensoever actually appointed, shall commence on the 1st day of May in the year in which the terms of office of their predecessors expire." The act of 1882 is, we think, entitled to some force as a legislative construction of the act of 1873. Upon the best reflection we can give to the difficult questions in this case, we have, though not without hesitation, reached the conclusion that the relator's term expired April 30, 1884, six years from the expiration of the term of his predecessor, and that the defendant is *de jure* police commissioner under his appointment.

The judgment should therefore be affirmed.

All concur.

Judgment affirmed.