*169 By the Court.
Sedgwick, Ch. J.
The relator claims that by law, there have been made as to the office in question, fixed terms of six years, the first of which had a definite beginning when the first clerk under the statutes, was or should have been appointed, and that no appointee can hold under the appointment longer than the last day of that term of six years in which he was appointed.
This claim is not valid, if by law each appointee is to hold for six years of time from the date of his appointment. As to this, section 1421 of the “New York City Consolidation Act of 1882,” (ch. 410) says. “There shall be a clerk and an assistant clerk in each of the district courts, who shall be appointed by the justices of said court respectively ; they shall hold office for the term of six years from the date of appointment.
In People ex rel. Mason, et al. v. McClave, 99 N. Y. 83, the 39th section of chapter 335 Laws of 1883, was examined. It was : “ The police department shall have for its head a board to consist of five persons to be known as police commissioners of the city of New York, who shall hold their office for six years, unless sooner removed, etc.” Judge Andrews said as to this, “If this section is alone regarded, the term of six years is given not only to a police commissioner appointed, as was the relator, to succeed one whose term had fully expired, but to every appointee whether appointed to fill a vacancy created by the expiration of a term, or one created by the death, resignation or removal of an incumbent, during his term of office. The section makes no discrimination between these different classes of appointees in respect to their terms of office and if any distinction exist and one class hold their offices for six years and the other for the unexpired term of their predecessor only, it must be found in other provisions of the act.” A modification of the meaning of the 39th section, was made by referring to the 25th section of the same act; for the court held, that the two sections were to be construed at one time. In the present case, there *170 is no modification of section 1427 in the act in which it occurs. If there could be found such in former acts on the same subject, such acts are repealed by implication, if not directly. Modifying sections in one act can be considered, because the intention of the whole act, as one statute, is to be found. A modification found in a former statute is not an evidence of an intent of a later statute. But the latter shows that the former has been reconsidered and not continued.
There should be judgment for defendant, with costs.
O’GtOrman, J., concurred ; Truax, J., dissented.