KITTREDGE et al. v. ASSESSORS OF VILLAGE OF PEEKSKILL.

(Supreme Court, Special Term, Westchester County. June, 1893.)

VILLAGES—EXTENDING LIMITS—POWER OF COUNTY SUPERVISORS.

The power of a board of supervisors under Laws 1870, c. 291, tit. 8, § 33, (Village Incorporation Act,) providing that the boards of supervisors of the several counties throughout the state may extend the boundaries of "any incorporated village within their respective counties," is limited to villages incorporated under such act, as section 28 of the same title declares that the provisions of the act shall be applicable only to villages incorporated thereunder.

Certiorari by Lucy D. Kittredge and others to review the proceedings of the assessors of the village of Peekskill in placing certain property on the assessment roll. Property ordered stricken from the roll.

Franklin Couch, Cyrus W. Horton, and George F. Canfield, for relators.

Edward Wells and L. F. Crumb, for respondents.

BROWN, J. In view of the limitation contained in section 28, tit. 8, c. 291, Laws 1870, there can be no question that that act has no application to the village of Peekskill. Section 28, in express terms, makes the act applicable only to villages incorporated under it. Peekskill was incorporated by special act of the legislature. Chapter 117, Laws 1883. The argument of the learned counsel for the assessors is that, as section 33 of title 8, confers on boards of supervisors the power "to extend the boundaries of any incorporated village within their respective counties," it is repugnant to section 28, and must be deemed to repeal that section. The rule of construction thus invoked is sometimes applied as a last resort, when all other rules fail, and the repugnancy of different sections is absolutely irreconcilable. But it is not necessary to apply it here. In plain, unambiguous language the legislature has said that the provisions contained in the act of 1870 are applicable only to villages incorporated under that act. All general powers and general expressions are limited by that expression, and the legislative intent and meaning is not left in doubt. The primary purpose in construing an act of the legislature is to ascertain the intent of the lawmakers, and the whole statute may be examined to ascertain the meaning of a particular clause, and expressions which, standing alone, are general or unqualified, may be limited by other sections and provisions. Having provided that the act was only to apply to villages incorporated under it, there was no occasion to repeat that limitation, and all prior and subsequent sections were qualified by section 28, and were to be read in connection with it. The rules applicable to the construction of this statute are well settled, and may be read in the following cases: People v. McClave, 99 N. Y. 83-89, 1 N. E. Rep. 235; People v. Angle, 109 N. Y. 569, 17 N. E. Rep. 413; Riggs v. Palmer, 115 N. Y. 506, 22 N. E. Rep. 188. It follows that the act of the supervisors in attempt-

ing to extend the limits of the village of Peekskill was without authority and void. The assessors of the village of Peekskill had no jurisdiction over the property of the petitioners, and the assessment was therefore illegal, and must be stricken from the rolls.