CULLEN, J.
—This controversy is as to the respective rights of the relator and the defendant to the office "of member of the board of health of Long Island City. The defendant is in possession of the office, under an appointment from Horatio S. Sandford, mayor, made on the 27th day of December, 1895. The relator claims title under an appointment of Patrick J. Gleason, mayor, made on the 28th day of April, 1896.
. I think it unnecessary to recite many of the details relating to the history of the board of health in Long Island City, or to follow the counsel for the respective parties in their elaborate discussion of the effects of the health statutes of 1881 (chapter 431), and of 1885 (chapter 270). Assuming that the statute of 1881 did not modify the provisions of the charter of Long Island City, or bring that city within its provision (though I am clear the contrary is the case), it is conceded that, at least, the amended statute of 1885 had that effect; for,, if it did not, then there is no authority at all for the appoint *1465 ment of the relator to the office. So, also, it cannot be disputed that after the 31st day of December, 1885, under any construction of the effect of the previous statutes, the mayor and common council of Long Island City were authorized to constitute a board of health, and to appoint the members thereof for terms of one two and three years, respectively, in compliance with the provisions of law. As matter of fact, the common council did assume to appoint the board of health on March 14, 1882. Changes in the membership of the board were made from time to time, by new appointments by the mayor and common council. The agreed case states that appointments were made in the year 1885 ; that on May 18, 1886, certain named persons, with the mayor, acted as the board of health. From that time to the year 1890 no appointment to the board of health seems to have been made. It is therefore entirely clear that in that year the mayor, with the consent of the common council, was authorized to make new appointments in the places of all the members of the health board, for nearly five years had elapsed since the last appointment, and every person then in office must have been only a “ hold-over.” On the 4th day of March, 1S90, Patrick J. Gleason, mayor, nominated several persons to be members of the board of health. Other appointments were made by him in April, May, and July of that year. In the case of none of these appointments was the appointee stated to be nominated in the place of any particular incumbent, but the nominations were made for terms of years, two of them being for the term of three years, two for the term of two years, and one for the. term of one year. It is therefore clear that any present title to the office of member of the board of health cannot be traced back of this action in 1890, for there is nothing to connect the term of any particular appointee at that time with a particular predecessor in office. In this the cáse wholly differs from that of People v. McClave, 99 N. Y. 83, 1 N. E. 235. Among the appointments so made at that time were those of Peter Bagley and William Friedrich, for the term of three years. On February 21, 1893, a new mayor, Horatio S. Sandford, with the consent of the common council, appointed Otto L. Mulot and Michael E. Fay members of the board for the term of three years. There is no record showing in whose places these appointments were made. On the 7th day of March, in the same year, the mayor appointed Louis P. Dexter a member of the board of health, by the following communication to the common council:
“ Gentlemen: The term of office of Peter Bagley as health commissioner having expired, by virtue of the power in me vested I hereby appoint Louis P. Dexter, of 137 Third street, as health commissioner for the term of three years. Respectfully, Horatio S. Sandford, Mayor.”
Dexter resigned, and on February 6, 1894, William F. Hendrickson was appointed for his unexpired term. The case does. *1466 not show that Hendrickson declined, died, or resigned. However, on the 27th day of December, 1895, the mayor appointed the defendant, James Comiskey, to succeed William F. Hendrickson for the term to expire March 7, 1898, which appointment was duly confirmed.
The counsel have discussed at some length the question as to at what time in the year, under the provisions of the general statute cited, and of those of the charter of Long Island City, the terms of members of the health board expired. The counsel for the relator contends that the charter provisions control, and that the terms expire on the 31st day of- December, each year. This claim is disputed, and it is contended that the terms expire either on the day of the year when the common ■council first constituted a new health board, under the statute of 1881, or on the recurrence of the day on which the members were appointed for a full term. It is unnecessary to determine this question. The first action of the common council was on April 22d. Dexter, whose term the defendant is supposed to hold, was appointed March 7th. The agreement for the submission of the controversy was made on May 29fch of this year. So that, if the relator is entitled to the defendant’s office at all, his title accrued before the submission of the controversy. As, however, the disposition of this case Avill depend largely on arithmetical computations, for the sake of clearness in those computations, I shall assume the dates at AArhich the terms expire to-be the 31st of December in each year; but the assumption is made solely for convenience in computation. If the defendant is the successor of Bagley, then, undoubtedly, his term has expired, for Bagley was appointed on March 4, 1890, for the term of three years. His term Avould therefore end either the 31st day of December, 1892, or not later than April 22, 1893. A new- term of three years Avould expire either December 31, 1895, or not later than April 22, 1896, and no appointment by Sandford could carry the term beyond the later time. But I am entirely clear that though on March 7,1893, the mayor assumed to appoint the defendant’s predecessor, Dexter, in the place of Bagley, still the appointment did not have that effect. As already stated, the first appointments made by Sandford, the new mayor, Avere on February 21, 1893,—those of Mulct and Fay. The appointments of ]\Iulot and Fay AVere for the term of three years, but they were not stated to be made in the place of any particular incumbents. At that time there Avere two three-year vacancies, which the mayor was authorized to fill by appointments,—the vacancies created by the expiration of the terms of Peter Bagley and William Friedrich. Therefore the successors of Bagley and Friedrich Avere entitled to hold their offices for the period of three years from the expiration of the terms of their predecessors. Hence, when the mayor, in his appointment of Dexter, recited that the term of office of Peter Bagley had expired, he was technically correct; but so far as that statement *1467 suggested that the office of Bagley, having expired, was vacant, he was wholly in error, because Bagley’s office was then filled by either Mulot or by Fay. But at the time Of the appointment of Dexter there were vacancies in the membership of the health board which the mayor was authorized to fill.
It now becomes necessary to make something of a genealogical chart of the appointments to the health board from the beginning of the year 1890. As already stated, Mayor Gleason appointed but five persons in that year. The first appointment was of Bagley and Friedrich, for three years, James Evans, for, two years, and Patrick McKeon, for one year. On April 1st, McKeon was appointed for two years, and, on May 1st, Louis Wokal was appointed for one year. It thus appears that there were then five of these offices filled, two for three •years, two for two years, and one for one year. The only one unfilled was necessarily for a one-year term, because the statute required the appointments to be so made that the terms of two officers would expire each year. After January, 1891, therefore, there were two vacancies which the mayor might have filled for the full term; that is, the term of Louis Wokal, which had expired the 31st day of December previous, and the ■one-year term standing over unfilled from 1890. On July 7, 1891, Patrick McKeon was appointed for the term of three years. This appointment must have been made either in the place of Wokal, or to fill the unfilled vacancy of the previous year. As Wokal continued to hold office, it must be assumed that McKeon was appointed to fill the vacant place. McKeon, by accepting this new term, vacated the term to which he had been appointed in the previous year. The status of the members of the health board at this time was therefore as follows: Class whose terms would expire December 31, 1891, James Evans, one vacancy; class of 1892, Peter- Bagley, William Friedrich; class of 1893, Louis Wokal, Patrick McKeon. Of these, Wokal was only a “hold-over.” Mayor Gleason made no other appointments during his .term. When Mayor Sandford camp in, January 1, 1893, he appointed Peter J. Huensch in the place of Louis Wolcal. The vacancies occurring on the expiration of the terms of Peter Bagley and William Friedrich were, as I have said, necessarily though not in terms, filled by Mulot and Fay. The oilly vacancies, -therefore, existing at the time of the appointment of Dexter, were in the class expiring at the end of 1891. The terms of such class would successively expire with the years 1894 and 1897. Therefore the term to which the defendant was appointed in December, 1895, would not, even according to the relator’s contention as to the time of the year when the terms should end, expire before January 1, 1898. There doubtless have expired this year the terms of office óf at least two members of the health board, the successors to whom the present mayor is authorized to appoint. But he has fallen into an error as to whose terms those are that- have expired. The relator may be entitled to *1468 his office, but it is not the office that this defendant holds, but the office held by some other member of the board.
There should be judgment for the defendant on the submitted case, with costs.
All concur.
On Motion for Reargument.
(October 37, 1896.)
Since the decision in this case has been rendered and the foregoing opinion filed, my attention has been called by the learned counsel for the plaintiff to the fact that Í have been led into an error by the similarity of names. There were two-individuals, Patrick McKeon and Patrick McKeown, not, as I assumed, a single person. I, therefore, was in error when I stated that on April 1, 1890, McKeon was appointed for two-years, and thereby vacated his other term. The appointee-W'as really Patrick McKeown. But this error has in no way affected the result arrived at. The argument for the plaintiff proceeds on the theory .that the appointments of Fay and Mulct were in place of Evans and McKeown. This, as Í have shown, is erroneous. Fay and Mulot were appointed for the term of three years. This, of necessity, constituted them the successors of Dagley and Friedrich. Menee, as hitherto shown in my opinion, Dexter was appointed in the class expiring in the year 1897, despite any reference in the letter of appointment to the expiration of Bagley’s term. . The error of the mayor in" supposing that the vacancy was in Bagley’s place could in no wise affect the title of the previous appointee, who in reality "was Bagley’s successor.
All concur.
*1469 MEMORANDUM DECISIONS.