In the Matter of the Claim for Benefits under Article 18 of the Labor Law Made by FRANCES SCHULMAN, Claimant. MARY COTTON and JAMES T. MUSTAINE, Copartners, Doing Business under the Firm Name and Style of CENTRAL CUSTARD STAND, Respondent; FRIEDA S. MILLER, as Industrial Commissioner, Appellant.— Appeal by the Industrial Commissioner from a decision of the Unemployment Insurance Appeal Board, dated July 16, 1941, which held that the claimant worked in covered employment for the period from April 15, 1939, to June 3, 1939, and from June 30, 1939, to September 11, 1939; and that she was not in covered employment between June 3, 1939, and June 30, 1939. This decision modified a previous decision by a referee that claimant's employment subsequent to June 3, 1939, was excluded employment under the Unemployment Insurance Law. [Labor Law, §§ 502–539.] Claimant was employed as a waitress from April 15, 1939, to the latter part of September, 1939, and her hours of emyloyment were from six P. M. to ten P. M., five nights a week, and from noon to ten P. M., on Sundays. During 1939 she was a regularly enrolled day student in high school. She filed a claim for unemployment insurance benefits on April 6, 1940, claiming, among other items, as part of her base pay, earnings from June 30, 1939, to September 11, 1939, the period of her summer vacation from school. The Industrial Commissioner contends that claimant did not work in covered employment during this period when she was on summer vacation. Subdivision 1 of section 502 of the Labor Law, as it became effective on June 3, 1939, provided that employment should not include: " (5) Employment as a part time worker of a minor under the age of twenty-one years who is actually in regular attendance during the day time as a student in an institution of learning." The question then is whether claimant's employment during her summer vacation from high school was employment within the above quoted portions of the statute. The Unemployment Insurance Appeal Board held that such employment was employment within the meaning of the

statute and should not be excluded under the provision above quoted. Decision unanimously affirmed, without costs. Present — Hill, P. J., Crapser, Bliss, Heffernan and Schenck, JJ.