In the Matter of the Claim of DANIEL MOSKOWITZ, Respondent. EDWARD CORSI, as Industrial Commissioner, Appellant.

Submitted October 18, 1951; decided December 7, 1951.

*Nathaniel L. Goldstein, Attorney-General (Francis R. Curran* and *Wendell P. Brown* of counsel), for appellant. I. Claimant's employment falls within the provisions of subdivision 9 of section 511. He was a " part-time worker " within the meaning of the statute. (*Matter of Renee [Corsi], 293 N. Y. 501.)* II. Allowance of benefits based upon employment under the co-operative plan would discourage employers from entering into such plans.

No appearance for respondent.

FROESSEL, J. Claimant performed services for an employer during portions of a period in which he was enrolled as a student in a junior college; the services were part of the college curriculum. We are here asked to decide whether or not such services are excluded from the term " employment " as defined in section 511 of the Unemployment Insurance Law (Labor Law, art. 18).

" Employment " as defined by subdivision 1 of said section " means any service under any contract of employment for hire, express or implied, written, or oral." Subdivision 9 thereof provides an exception in the following language: " *Day student*. The term ' employment ' does not include service during all or any part of the school year or regular vacation periods as a part-time worker of any person actually in regular attendance during the day time as a student in an institution of learning."

The Industrial Commissioner declared claimant ineligible for benefits. The referee sustained the commissioner. The Unemployment Insurance Appeal Board reversed the referee, holding that claimant's employment was covered by the law since he worked full time in the employer's establishment during hours which normally prevailed in the industry, and that during the time he rendered this service he was not actually in regular attendance during the day as a student in an institution of learning. The Appellate Division, by a divided court, affirmed the decision of the board.

The facts are undisputed and briefly are as follows: On March 24, 1947, claimant matriculated in the Walter Hervey Junior College sponsored by the Young Men's Christian Association of the City of New York, which operates under what is known as a co-operative plan, by which periods of instruction alternate with periods of employment which the school attempts to provide for its students. The course of study generally embraces two and one-quarter years consisting of five quarters of school attendance and four quarters of employment in industry in such fields as will utilize students' training at school. Although it is the object of the school to refer students to employment closely related to their courses of study, when such employment is unavailable they are directed to accept any employment, on the theory that all employment has some educational value.

After enrolling, claimant attended school for the second and third quarters of 1947, devoting his full time to study. During the fourth quarter, he was employed on a full-time basis as an office clerk by Whitehead Metal Products Company at the prevailing rate of wages, working under the supervision of an auditor in the accounting department. During the first quarter of 1948 he returned to the school, was re-employed by the same employer during the second quarter, returned to school during the third quarter, and to the same employment during the last quarter. He returned to school in 1949 and was graduated on June 8th of that year.

During the periods of claimant's employment, his employer covered him for workmen's compensation, and made deductions for social security and withholding taxes. The employer also paid contributions on claimant's earnings for State unemployment insurance, which were subsequently refunded to him after the referee's decision.

The curriculum of this school, approved by the Board of Regents, is thus one of classroom study in combination with actual job experience, alternating generally every three months. The school, like other junior colleges, is a development arising from the demand for educational advantages greater than those afforded by high schools in order to provide trained young men for executive and administrative positions in business and industry. In this case, over the period of the course (business administration accounting) of two and one-quarter years, claimant was employed for three different quarters and attended school the remaining six quarters. His last six months were spent at school. His tuition while employed continued, though at a much reduced amount " for the surveillance of the students while they are on the job * * * for the paper work, for the assisting of the employer and their incidentals." The student, if he wished a job with a " cooperative " employer after graduation, " would have to practically re-apply as a new employee."

The Industrial Commissioner, appellant, relies upon our decision in *Matter of Renee* (*Corsi*) (293 N. Y. 501) and contends that such factors as working during regular hours and at prevailing wages for the three-month periods are not controlling in this case; they serve merely to give the student a realistic

experience under actual conditions. In our opinion, he is correct in his position. In the *Renee* case, we considered the history of the statute before us and the decisions rendered thereunder. We, also, had occasion to construe the term " part time worker " as used in the statute as then framed (§ 502, subd. 1, par. [5]), which excepted from the definition of " employment ": " (5) Employment as a part time worker of any person actually in regular attendance during the day time as a student in an institution of learning." We there formulated the following test (p. 504): " From the foregoing, it is apparent that the definition of ' part time worker ' is not easy to formulate. We cannot say that regular attendance during the daytime as a student in an institution of learning makes every claimant *ipso facto* a ' part time worker.' * * * The better test to apply, we think, is to examine the intent of the worker as disclosed by all the circumstances of the case so as to determine whether the work in question is engaged in as a permanent method of earning a livelihood or is engaged in as a temporary job taken on and performed along with normal school work and subordinate thereto " and held that, since claimant was not required to work in order to continue her schooling, and graduation was not dependent upon her employment, her schooling was " subordinate thereto."

Applying the test there formulated to the facts of this case, and in the light of the language of the present statute, it is clear that the employment of claimant Moskowitz was entirely subordinate to his schoolwork, and that he was a part-time worker. Aside from the fact that it was a required part of the college's educational program, which had been approved by the Board of Regents and which he was then undertaking, it was understood by all concerned that by the very terms and conditions of the employment it was of a temporary nature performed along with and subordinate to his school work and was not " engaged in as a permanent method of earning a livelihood ". It was in fact a part of his school curriculum; the school kept him under surveillance; he continued to pay tuition fees, though in a reduced amount, during the period of employment; he was never in the labor market during this period and was never discharged from the employment; the employment simply ceased at the end of three months' intervals

for the express purpose of carrying out the school program. Without it, he could not be graduated.

Nor does anything turn on the circumstance that during the employment he would have received the benefits of the Workmen's Compensation Law, and that the employer was required to pay a tax with respect to his wages under the Federal Unemployment Tax Act (Internal Revenue Code, §§ 1601, 1607; U. S. Code, tit. 26), for there is no exclusionary provision in these statutes similar to the one here under consideration. Had claimant here attended school for half a day and worked for the remaining half day, there could be no question but that he was a part-time employee; instead of dividing each day between school attendance and employment, the school authorities determined it was best for the student to divide his time at three months' intervals; and we see no difference between the two situations.

*Matter of Schulman (Miller)* (290 N. Y. 587) relied upon by the board, has no application here. There, we dealt with the statute before the amendment of 1942 (L. 1942, ch. 402) which changed the language of the section so as to include within the exception "Employment during all or any part of the school year or regular vacation periods ＊ ＊ ＊." We held in that case that employment during the summer vacation period was not within the exclusionary language of the statute as then framed. In the instant case the school has no summer vacation period, and claimant was continuously enrolled throughout the course.

It was while the *Schulman* case (*supra*) was pending in the courts that the Legislature amended the statute to exclude employment "during *all* or *any part* of the school year or regular *vacation* periods " (emphasis supplied). The purpose of that amendment was to exclude from covered employment the excepted services performed by a day student, and at the present time there is no difference between services performed during the school year and those performed during a regular vacation period. The amendment furnishes additional and concrete evidence that it was not the intention of the Legislature that, to come within the exception, part-time work must be performed on the same day that the student attends school; otherwise, the amendment as to vacation periods, etc., would be

utterly meaningless. As we held in the *Renee* case (*supra*), the true nature of the employment in relation to the schooling is the determining factor.

It is therefore our opinion that the revised initial determination of the commissioner was correct and that this employment was excluded from coverage by virtue of the provisions of subdivision 9 of section 511 of the Labor Law. Accordingly, the order of the Appellate Division should be reversed, and the revised initial determination of the Industrial Commissioner reinstated, without costs.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, DYE and FULD, JJ., concur.

Order reversed, etc.