In the Matter of the Claim of R. Allen Koehler, Appellant, against Roosevelt Field, Inc., et al., Respondents. Workmen's Compensation Board, Respondent.

Third Department, July 2, 1953.

*Robert H. Koehler* for appellant.

*Leo D. Fitzgerald* and *Valentine A. Meehan* for Equitable Life Assurance Society of the United States, respondent.

*Nathaniel L. Goldstein, Attorney-General* (*Roy Wiedersum* of counsel), for Workmen's Compensation Board, respondent.

IMRIE, J. Claimant was a student at St. Lawrence University where he had completed the work of his sophomore year on June 6, 1950. He returned to the university for his junior year on September 18, 1950. During the summer period between the freshman and sophomore years he was employed by Roosevelt Field, Inc. On June 19, 1950, he again took employment with that employer, which was continued until July 17, 1950. He then left the work by reason of illness. On August 14th of that year he made claim for benefits under Disability Benefits Law (Workmen's Compensation Law, art. 9). His claim was rejected and hereafter disallowed by decision of a referee, which was affirmed by Workmen's Compensation Board, the board ruling that the claim did not come within the provisions of the law. Claimant has appealed to this court from that decision.

The facts being undisputed, the issue of law here involved is whether claimant's employment was covered by the law invoked by him. The pertinent portion of the statute is paragraph A of subdivision 6 of section 201 reading, in part, " ' Employment ' means employment in any trade, business or occupation carried on by an employer, except that the following shall not be deemed employment under this article: * * * and service during all or any part of the school year or regular vacation periods as a part time worker of any person actually in regular attendance during the day time as a student in an institution of learning." It seems unnecessary to point out that the statute no more purports to cover all types of employment than does the Unemployment Insurance Law (Labor Law, art. 18), subdivision 9 of section 511 thereof reading, " The term ' employment ' does not include service during all or any part of the school year or regular vacation periods as a part-time worker of any person actually in regular attendance during the day time as a student in an institution of learning." The exclusionary provisions of the two statutes relating to student employment are in identical language. Comment relative thereto in the report of the New York State Joint Legislative Committee on Industrial Labor Conditions for the year 1948 (N. Y. Legis. Doc., 1949, No. 67) points up the legislative intention that, as to such persons, the Disability Benefits Law should follow the pattern of the earlier statute.

This identity of language, so evidently purposeful on the part of the Legislature, becomes significant because of the absence of judicial consideration of the exception of student services from coverage under the Disability Benefits Law. *Matter of*

*Renee (Corsi)* (293 N. Y. 501) had to do with the effect of the above subdivision 9 of section 511 with reference to a claim for unemployment benefits on the part of an infant who, while engaged in her profession as an actress, was also a day student in a school. In that case it was held that claimant's enrollment as a student did not exclude her from the benefits sought for the reason that the schooling was subordinate to the employment. Judge Conway stated at page 504, " From the foregoing, it is apparent that the definition of ' part time worker ' is not easy to formulate. We cannot say that regular attendance during the daytime as a student in an institution of learning makes every claimant *ipso facto* a ' part time worker.' Having in mind that the statute since the amendment of 1940 no longer excepts minors as a class, such an interpretation would exclude from unemployment benefits any person employed, no matter how long his hours of work, if he were enrolled regularly for even one course in the daytime at a school or college. Such drastic interpretation is not required. The better test to apply, we think, is to examine the intent of the worker as disclosed by all the circumstances of the case so as to determine whether the work in question is engaged in as a permanent method of earning a livelihood or is engaged in as a temporary job taken on and performed along with normal school work and subordinate thereto. Applying that test upon the undisputed facts presented here, it is clear that the claimant is engaged in her profession and that her schooling has been arranged with the apparent consent of State and local authorities so that it is subordinate thereto."

The test of intent was further considered in *Matter of Moskowitz (Corsi)* (303 N. Y. 364). There it was held that the case of a student in a college operating under the so-called co-operative plan, where periods of instruction alternate with periods of employment which the school attempts to provide for its students, presented a situation in which the outside work was deemed to be subordinate to the schooling, excluding claimant, as a part-time worker, from the benefits of the Unemployment Insurance Law.

The argument that the summer period between the completion of claimant's sophomore year and the beginning of his junior year was not a " regular vacation period " lacks realism. Black's Law Dictionary (3d ed.) defines " vacation " as " an intermission of procedure " with the statement, " In schools there are customary vacations at Christmas, Easter, and during the summer," citing *Duffey* v. *School Committee* (236 Mass. 5.)

" Summer vacation " is accepted as connoting the period between spring and fall school terms. In *Matter of Schulman* (263 App. Div. 775, affd. 290 N. Y. 587) this court characterized the time from June 30, 1939, to September 11, 1939, as " the period of her [claimant's] summer vacation period from school." It is an inescapable conclusion that it was the legislative intent, when using the words " regular vacation periods " to include such customary cessation of school work for the summer months.

It was conceded that this claimant had, at the conclusion of his sophomore year, anticipated his return in the following September for the junior year, which he did do. Within the contemplation of the test applied in the *Renee* and *Moskowitz* cases it is clear that with him the important matter was the schooling, the summer employment being subordinate thereto and not undertaken as a permanent method of earning a living. Claimant's employment constituted service during a regular vacation period " as a part-time worker of any person actually in regular attendance during the day time as a student in an institution of learning." In *Matter of Moskowitz* (*supra,* p. 369) Judge FROESSEL said, " It was while the *Schulman* case (*supra*) was pending in the courts that the Legislature amended the statute [L. 1942, ch. 402, amdg. Unemployment Insurance Law] to exclude employment ' during *all* or *any part* of the school year or regular *vacation* periods ' (emphasis supplied). The purpose of that amendment was to exclude from covered employment the excepted services performed by a day student, and at the present time there is no difference between services performed during the school year and those performed during a regular vacation period. The amendment furnishes additional and concrete evidence that it was not the intention of the Legislature that, to come within the exception, part-time work must be performed on the same day that the student attends school; otherwise, the amendment as to vacation periods, etc., would be utterly meaningless. As we held in the *Renee* case (*supra*), the true nature of the employment in relation to the schooling is the determining factor."

The decision of the Workmen's Compensation Board should be affirmed, without costs.

FOSTER, P. J., BERGAN, COON and HALPERN, JJ., concur.

Decision affirmed, without costs.