In the Matter of CHARLES F. KRAMER et al., Copartners Doing Business as CHARLES F. KRAMER & SON, Appellants. EDWARD CORSI, as Industrial Commissioner, Respondent.

Third Department, December 22, 1953.

*Joseph A. Krupski* and *Joseph J. Snellenberg II,* for appellants.

*Nathaniel L. Goldstein, Attorney-General* (*Wendell P. Brown* and *Francis R. Curran,* of counsel), for respondent.

FOSTER, P. J. Appeal from a decision of the Unemployment Insurance Appeal Board which affirmed a determination that appellant was an employer liable for contributions under the Unemployment Insurance Law (Labor Law, art. 18) for the period from July 1, 1939, through September 30, 1951.

The employer conducts a small drugstore, which has a soda fountain, in the village of Southold, Long Island. During the period in question he had two or three full-time employees working for him. Those employees were supplemented at times by students from a local high school. During July and August of each year he had an average of five employees, including college and high school students on vacation, but he never had during the period in question four or more regular, full-time employees subject to coverage.

In 1939, the Legislature excluded from the definition of covered employment the part-time services of school children when they were actually in attendance at school during the daytime (L. 1939, ch. 662, eff. June 3, 1939). It was subsequently held that this exclusion did not apply to such services when they were performed during a summer vacation (*Matter of Schulman,* 263 App. Div. 775, affd. 290 N. Y. 587). In 1942, the Legislature amended the statute excepting employment by students '' during all or any part of the school year or regular vacation periods '' (L. 1942, ch. 402, eff. April 11, 1942, now, in substance Labor Law, § 511, subd. 9). Concededly that amendment was passed to overcome the decision in the *Schulman* case.

From the foregoing it is quite clear that the employer was liable for contributions under the Unemployment Insurance Law from July 1, 1939, to April 11, 1942. However, the decision which the Appeal Board has affirmed, holds the employer liable for the entire period from July 1, 1939, to September 30, 1951, excluding as employees part-time students after April 11, 1942. The rationale of this decision is, that once the employer became subject to the statute, the only way he could terminate coverage was by filing a written application with the Industrial Commissioner as required by former subdivision 3 of section 502 (now § 562, subd. 1) of the Unemployment Insurance Law (Labor Law, art. 18, as amd. by L. 1935, ch. 468). Respondent insists that such an application had to be filed by the employer to terminate coverage even though the statute had been amended in 1942 to exempt therefrom students who worked during vacation periods. The employer in this case filed neither wage reports nor the application mentioned because he did not consider himself within the statute during any of the period in question.

We think the decision, insofar as it extended liability beyond April 11, 1942, is manifestly contrary to legislative intent. It may be noted that even before the *Schulman* case was affirmed by the Court of Appeals (February 25, 1943) the Legislature had already changed the statute. This is rather a clear indication that it never intended the effect of the *Schulman* decision, but in drafting the legislation of 1939 it overlooked the contingency later presented in that case. It may also be added that the Industrial Commissioner and the Appeal Board were at odds over the ruling in the *Schulman* case, so that an ordinary citizen can hardly be blamed for not knowing the law at the time. It should be emphasized that the employer has been held liable, not because he employed part-time students but solely because he employed them during their summer vacations. This was a theory that no one was certain about until the *Schulman* case was decided.

Doubtless the decision of the Industrial Commissioner and the board is within the strict letter of the statute, but it is not within the evident intent of the Legislature so far as the facts of this case are concerned. A strict and literal adherence to the letter of a statute should not be permitted to defeat a manifest legislative purpose or policy, or to work an injustice (*Matter of Chatlos* v. *McGoldrick*, 302 N. Y. 380; *Matter of Schmidt* v. *Wolf Contg. Co.*, 269 App. Div. 201, affd. 295 N. Y. 748; *Matter of United Parcel Service of N. Y.* v. *Joseph*, 272 App. Div. 194, affd. 297 N. Y. 1004). Certainly, as respondent argues, the statute is a self-executing one and the dictates of section 562 should be held mandatory in the ordinary case, but this is not the ordinary case. To apply this section literally under the circumstances disclosed here would be to defeat the manifest purpose of another section, an effect to be avoided wherever possible (*People ex rel. Mason* v. *McClave*, 99 N. Y. 83). We think therefore that appellant's liability should be limited to the period from July 1, 1939, to April 11, 1942. In view of this opinion it is unnecessary to discuss the other issues presented.

The decision should be reversed, with costs to appellants, and the matter remitted to the Industrial Commissioner for such action as he may be advised, not inconsistent with this opinion.

BERGAN, COON, HALPERN and IMRIE, JJ., concur.

Decision reversed, with costs to appellants, and the matter remitted to the Industrial Commissioner for such action as he may be advised, not inconsistent with this opinion.