■     In the Matter of MAYFLOWER DAIRY PRODUCTS, INC., Appellant. ISADOR LUBIN, as Industrial Commissioner, Respondent.— Appeal from a decision of the Unemployment Insurance Appeal Board. The controversy relates to the liability of the appellant for unemployment insurance contributions for the years 1951 to 1953 and the first half of 1954. For a period of some years prior to 1950, the appellant had been subject to the Unemployment Insurance Law (Labor Law, art. 18) by reason of its voluntary election to be covered under section 561 of the Labor Law, despite the fact that it only had three employees. In 1950, the appellant decided to terminate the voluntary coverage and accordingly in July, 1950, it wrote to the Division of Placement and Unemployment Insurance stating that "we have less [*sic*] than four employees" and expressing the wish to discontinue the voluntary coverage. This letter was of itself sufficient under subdivision 2 of section 562 to terminate the voluntary coverage. However, the division treated the application as one for the termination of required coverage under subdivision 1 of section 562. On August 11, 1950, the division wrote the appellant that its account was being suspended " as of January 1, 1950, based upon information contained in your letter, subject however to future verification" and enclosed with the letter the standard form of " Application to Cease to be Subject to the Law ". The appellant filled out the form, answering in the negative the question of whether it had employed four or more persons " during the preceding calendar year " and sent it in on August 29, 1950. On September 27, 1950, the division wrote the appellant that it had ceased to be subject to the law as of January 1, 1950, and that accordingly the payments which had previously been made for the first and second quarters of 1950 would be refunded. Refund was thereafter made and accepted. Throughout the succeeding years, the appellant only had three employees and assumed that it was free from unemployment insurance liability. However, in a field audit made in 1954, it was discovered that in the year 1949, there had been a period of 20 days during which the appellant had had four employees. It appeared that the appellant had hired a new employee to replace an employee who was about to leave and that there had been an overlapping of the training period of the new employee with the employment period of the old employee so that there was a period of more than 15 days during which there were four employees. The commissioner took the position that, while the appellant had originally been under voluntary coverage, the case had automatically become one of compulsory coverage in 1949 by reason of the employment of the four persons for the 20-day period and that the coverage which thus attached could be terminated only upon an application made under subdivision 1 of section 562, showing that a full year had elapsed during which there had been fewer than four employees. Since the division's letters in 1950 terminating coverage as of January 1, 1950, had been based upon the erroneous statement by the appellant that it had not had more than four employees during the preceding calendar year, the division rescinded its letters terminating coverage. It held that the appellant was liable not only for the year 1950 but also for all the years thereafter because it had not made a new application for termination of coverage

after January 1, 1951. The appellant conceded liability for the year 1950 and accordingly paid the contributions for that year. In fact, as appeared upon the hearing, the appellant had been mystified by the refund in 1950 of the contributions paid for the first two quarters of that year since it had intended to terminate what it then thought to be voluntary coverage as of the end of the year 1950 rather than the beginning of the year. The appellant's president explained that in answering in the negative the question on the formal application as to whether the company had had four or more employees during the preceding calendar year, he had meant the calendar year preceding the date when the termination was to become effective, to wit, January 1, 1951. Upon the hearing, the referee cut off further proof as to the appellant's intention, stating that he was willing to assume that its intention had been as stated by the appellant's president. The appellant had fewer than four employees at the time it made the application and it expected to continue on that basis to the end of the year. The appellant thought that it was terminating voluntary coverage — its letter referred to its coverage being " on a voluntary basis ". The appellant was apparently not aware, at the time of making the application, that there had been four employees for a short period in 1949 and that the voluntary coverage had thereby been automatically converted into required coverage. It is undisputed that the appellant was eligible to have the required coverage terminated as of January 1, 1951; the commissioner's demand for contributions for subsequent years, which has been upheld by the Unemployment Insurance Appeal Board, was based solely upon the failure of the appellant to file a new application for termination of coverage after January 1, 1951. We think that this is another case in which the commissioner and the board have adhered too literally to " the strict letter of the statute " (*Matter of Kramer [Corsi]*, 283 App. Div. 149, 152). The division was justified in rescinding its 1950 letters terminating coverage upon discovering that the appellant was not then eligible for termination of coverage. But, upon the rescission of its letters, the appellant's application for termination of coverage, prematurely made in 1950, remained still pending. The application should have been granted as of the earliest date upon which the appellant became eligible for termination, to wit, January 1, 1951. The policy of the law was not in any way perverted nor was the division misled by the appellant's failure to file another application during the year 1951. " In view of all the circumstances and in the interests of justice " the informal letter sent by the appellant in July, 1950, should have been deemed an adequate application to cease to be subject to the statute as of January 1, 1951 (*Matter of F. & F. Bldg. Corp. [Miller]*, 263 App. Div. 915). Decision of the Unemployment Insurance Appeal Board reversed and the matter remitted to the board for further proceedings. Foster, P. J., Bergan, Coon, Halpern and Zeller, JJ., concur. [See *post*, p. 795.]