█ In the Matter of M. MELVIN CLARK et al., Appellants. MARTIN D. CATHERWOOD, as Industrial Commissioner, Respondent.— Appeal by employers from a decision of the Unemployment Insurance Appeal Board which sustained the Industrial Commissioner's determination that the employers were liable for unemployment insurance contributions during the period from January 2, 1951 to August 16, 1954. The employers are physicians, engaged in the practice of medicine in the City of Rochester, New York. Prior to April 3, 1950, they employed two nurses and an office secretary-receptionist. On the date mentioned they employed another person to change their office record system so as to include an index of partnership patients in a looseleaf system filed upon the basis of medical diagnosis. Thus, beginning on the date in question the employers had four employees working for them unless it be held

that the person employed to change the office record system was an independent contractor. This of course is a question of fact and the evidence in the record is sufficient to sustain a finding that the person so engaged was an employee rather than an independent contractor. Apparently the person employed to change the office records continued in this work until January 2, 1951 when she replaced another employee as a receptionist, and she worked in this capacity until December 11, 1954. It is conceded that she was an employee during this period. The appellant employers contend, on the basis of the independent contractor theory, that they had only three employees from January 2, 1951 until August, 1954. However with the finding of the board against them on the independent contractor theory they had four employees for the period between April 3, 1950 and January 2, 1951, and thus for that period they came within the provisions of the Unemployment Insurance Law (Labor Law, art. 18) in effect at that time (§ 560, subd. 1, par. [a]). They could have applied for termination of coverage commencing January 1, 1952 (there being a lag of one year after actual termination) under subdivision 1 of section 562 of the same statute as in effect at that time. Concededly appellants failed to make an application for the termination of coverage, and they excuse their failure on the basis they did not consider themselves to be within the statute as the employer of four persons. Under the statute an employer is covered if he employs four or more persons, and is required to pay contributions. The statute is clear that such coverage continues until the employer makes an application in writing to the Industrial Commissioner that he no longer employs the required number of persons. Upon the filing of such an application the employer may be released if the Commissioner finds that he has not employed the statutory number during the statutory period. The requirements of the statute are rigidly adhered to and are held to be reasonably necessary as a matter of policy (*Bohling* v. *Corsi*, 204 Misc. 778, affd. 306 N. Y. 815, appeal dismissed 348 U. S. 802). The present case is undoubtedly a hardship one but this court has no authority to change legislative policy. Appellants cite *Matter of Kramer* (*Corsi*) (283 App. Div. 149) to support their position. It is true in that case that the employer also failed to file an application to terminate coverage and his failure to do so was excused. However the employees involved there were high school students, and there was an intervening amendment to the statute which excluded high school students when they performed work during summer vacations, and this court held that the Industrial Commissioner should have followed the intent of the Legislature as manifest in the amendment. No such change in the law is involved in this case and hence the *Kramer* case is not controlling. Decision unanimously affirmed, without costs. Present — Foster, P. J., Bergan, Gibson, Herlihy and Reynolds, JJ.