In the Matter of the Claim of JOSEPH M. AUGUSTINE, Respondent. MARTIN P. CATHERWOOD, as Industrial Commissioner, Appellant.— The Industrial Commissioner appeals from a decision of the Unemployment Insurance Appeal Board which held that claimant is entitled to credit for certain employment as a janitor during his base year while he was in regular attendance during the day as a student at the University of Buffalo. During the period under consideration claimant was in regular attendance at the university from approximately 9:30 A.M., to approximately 2:20 P.M., each school day. He was seeking a Bachelor of Arts degree to qualify him for law school and intended to become a lawyer. He worked as a janitor five days per week from 4:30 P.M., to 1:00 A.M. He lived with his parents, both of whom were employed. The only question presented is whether, upon the undisputed facts, claimant's work as a janitor comes within the exception to the term "employment" contained in subdivision 9 of section 511 of the Labor Law, which reads: "9. Day student. The term 'employment' does not include service during all or any part of the school year or regular vacation periods as a part-time worker of any person actually in regular attendance during the day time as a student in an institution of learning." That portion of the statute has been interpreted in *Matter of Renee* (*Corsi*) (293 N. Y. 501) and *Matter of Moskowitz* (*Corsi*) (303 N. Y. 364). Considering only what claimant

actually did and not what he might have done or his statement of what he would do, his situation seems to be exactly the situation intended by the Legislature to be covered by subdivision 9 of section 511. Moreover, claimant's work is not "engaged in as a permanent method of earning a livelihood" and is "engaged in as a temporary job taken on and performed along with normal school work and subordinate thereto." (*Matter of Renee (Corsi)*, *supra*, p. 504.) Upon this record we think the conclusion is inescapable as a matter of law and that any finding to the contrary is unsupported by substantial evidence. Decision of the Unemployment Insurance Appeal Board unanimously reversed and the initial determination of the Industrial Commissioner reinstated. Present — Foster, P. J., Bergan, Coon, Gibson and Herlihy, JJ.