THE CHARTER OF THE CITY OF OSWEGO, §§ 20.01 and 20.08.
The intent to preserve laws not inconsistent with provisions of the new Charter of the City of Oswego is clearly manifested by section 20.01 contained therein. Therefore, section 20.08 should be read as modified by section 20.01. Accordingly, the provisions of Title XI-A providing for tax sales and tax certificates contained in the old Charter continue to be operative as their omission from the new Charter did not constitute an inconsistency with it.
Hon. James P. McGrath City Attorney, Oswego
This is in response to your letter wherein you ask for an opinion of the Attorney General as to whether the new Charter of the City of Oswego, § 20.01, which purports to leave in effect all laws not inconsistent with provisions of the new Charter, supersedes section 20.08 of that Charter which section purportedly repeals all of the provisions of the previous Charter and makes no provision for laws not inconsistent to remain in effect. You indicate that a question has arisen due to the fact that when the City enacted its new Charter it failed to incorporate in it Title XI-A, entitled, "Tax Sales and Tax Sale Certificates". You further indicate that because of such omission, there is uncertainty as to the authority of the City to make tax sales under the appropriate section of the old Charter.
Courts, in interpreting seemingly incongruous sections of the same statute, look to the intent of the legislators. To discern such intent, the document must be examined in its entirety.
In Re Livingston, 121 N.Y. 94, 104 (1890), the Court said:
 "* * * words absolute in themselves and language the most broad and comprehensive may be qualified and restricted, by reference to other parts of the same statute and to other acts on the same subject, passed before or after * * *." (See, also, Smith v The People, 47 N.Y. 330, 337 [1872].)
In accord with the above decisions, the Court has said in Peopleex rel. Mason et al. v McClave, 99 N.Y. 83, 89 (1885) that:
 "* * * it is not permitted, to give absolute and unqualified effect to a single section or clause of a statute, however direct, plain and unambiguous, considered by itself alone, the language may be, if there are other provisions inconsistent with a literal and unrestricted interpretation of such clause or section * * *."
Furthermore, the Court in People ex rel. Mason et al. v McClave, supra,
went on to say that:
 "* * it is not material in what order provisions, which at first blush seem contradictory, are placed. The meaning is to be collected * * * and a later provision may be qualified by a prior one, or the contrary."
In the present situation, Title XI-A, entitled, "Tax Sales and Tax Sale Certificates" contained in the old Charter was completely omitted from the new Charter. Such omission should be treated analogous to silence by the Common Council regarding the subject matter. In view of the tenor of the landmark cases we have referred to as well as the importance of the omitted subject matter, it is our opinion that such silence is not deemed to be inconsistent with provisions of the new Charter. As a consequence, Title XI-A of the old Charter remains in effect under section 20.01 of the new Charter of the City of Oswego notwithstanding the language contained in section 20.08. The apparent inconsistency was created by providing for the repealing of the old Charter and the saving of laws not inconsistent in two sections rather than in one section which latter is the custom in most city charters.
From all of the foregoing, we conclude that the intent to preserve laws not inconsistent with provisions of the new Charter of the City of Oswego is clearly manifested by section 20.01 contained therein. Therefore, section 20.08 should be read as modified by section 20.01. Accordingly, the provisions of Title XI-A providing for tax sales and tax certificates contained in the old Charter continue to be operative as their omission from the new Charter did not constitute an inconsistency with it.